[Civ. No. 2385. Second Appellate District, Division One.—February 4, 1919.]

## JAY RANSCH, Respondent, v. JAMES ARP, Appellant.

APPEAL—DEFAULT JUDGMENT—HARMLESS ERROR.—A defendant who has suffered judgment by default after the overruling of his demurrer, but concedes the sufficiency of a second cause of action set up in the complaint, is not in a position to complain where the count conceded to be good demanded more money than the amount of the judgment.

WRONGFUL ENTRY ON LAND—ACTION—WAIVING TORT AND SUING FOR VALUE OF USE.—It is permissible for a plaintiff to waive the tort committed by a wrongful entry on land and sue upon the implied contract to pay the value of the use without damages.

PLEADING—MISJOINDER OF CAUSES OF ACTION—SPECIAL DEMURRER.— The objection of misjoinder of causes of action is one that constitutes a special ground of demurrer only.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Kaye and Kaye & Siemon for Appellant.

Geo. E. Whitaker and Rowen Irwin for Respondent.

JAMES, J.—Appeal taken from a judgment entered against the appellant after default taken because of his failure to answer the complaint of plaintiff.

Appellant urges as ground for reversal the points presented under a demurrer which he interposed to the complaint. The grounds of demurrer were, first, that neither of the two alleged causes of action were sufficiently stated; and, second, that two causes of action were improperly joined, to wit: One upon an open book account and one for the value of premises alleged to have been tortiously obtained and held. Plaintiff in his first alleged cause of action stated his case as follows: ''That the said defendants are indebted to plaintiff in the sum of $1,575 upon an open book account accruing within four years last past. That the said defendants have not paid said sum of $1,575, nor any part thereof.'' In the second cause of action it is recited with some detail that plaintiff was the owner of certain described premises in the city of Bakersfield and entitled to the rents thereof, and that defendants (there being two others besides this appellant) had, on a certain date, claiming the right thereto, entered into possession of the premises and refused to pay rent; that thereafter plaintiff's title to the real estate was quieted by a judgment of the superior court, and allegations as to the value of the premises being $75 per month were included and the total asked for was the same sum as that alleged in the first cause of action, to wit, $1,575. The demurrer of appellant being overruled and no answer being filed, default was duly taken, and the court then made its judgment, reciting that appellant and one of the other defendants had failed to answer the complaint, and that the third defendant had stipulated for judgment in the sum of $1,050, and that the order of the court would be and was that plaintiff recover from the three defendants the said sum of $1,050, with interest and costs. Assuming that the first alleged cause of action was not sufficient in its statement of facts, it is conceded that the second was, and under the second count more money was

demanded than that for which judgment was entered. Appellant having defaulted, he is not, therefore, in a position to complain. Neither do we think that the special ground of demurrer, that of misjoinder of causes of action, had merit Plaintiff recited the facts respecting the manner in which defendants obtained possession of the premises and sued only for the value of the use thereof, without damages. As we understand the rule, it is permissible for a party to waive a tort and sue upon the implied contract resulting thereunder, where no special damages are made the subject of the cause of action. We think that the second cause of action presented by the complaint should be so considered. Moreover, the objection as to misjoinder of causes of action was one which constituted a special ground of demurrer only. If we were to concede that the position of appellant was well taken as to that matter, nevertheless we could not say upon this record that it was made to appear that justice had miscarried. In such case section 4½ of article VI of the constitution requires that the judgment be affirmed.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 6, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.