[Civ. No. 4564. First Appellate District, Division Two.—June 14, 1923.]

## OSCAR DUKE, Respondent, v. ALPHA E. THORNBURY, Appellant.

[1] PROMISSORY NOTE — NONPAYMENT — PLEADING — DEFECT CURED BY ANSWER.—In an action on a promissory note, error of the trial court in overruling defendant's demurrer to the complaint on the ground of the uncertainty and ambiguity of the allegations as to nonpayment will not warrant a reversal of the judgment in plaintiff's favor after a trial upon the merits where, after the trial court overruled the demurrer, defendant answered admitting the execution of the note but denying that she had failed to pay the same.

[2] ID.—PAYMENTS—FINDINGS—JUDGMENT—APPEAL.—Where the findings in such action recite that no evidence was offered by defendant at the trial and it is found that "no part of said promissory note,

principal or interest, has been paid, except" a specified sum "on account of interest" and credit is given for that amount, and the appeal from the judgment in favor of plaintiff for the balance is upon the judgment-roll alone, defendant cannot successfully contend that the trial court committed prejudicial error in failing to specifically find whether or not plaintiff received any payments upon the note of a third person and which was held by plaintiff as collateral security for the note executed by defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wal J. Tuska for Appellant.

W. E. Gearhart for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against her upon a promissory note executed and delivered by her to the plaintiff. The appeal is presented to us upon the judgment-roll alone and it is contended that the general and special demurrer of the defendant to the complaint should have been sustained and that the judgment must be reversed because of the failure of the trial court to find upon certain issues presented by the pleadings. The plaintiff set out in full in the complaint the note sued upon and also alleged that he had received from the defendant as collateral security for the payment of said note a certain promissory note of John L. Stickel, which note was also set out in full in the complaint.

[1] It must be conceded to the appellant that the allegations in the complaint as to the nonpayment of the note upon which recovery was sought were ambiguous and insufficient and that the special demurrer attacking them upon these grounds should have been sustained. However, after the court had overruled the demurrer, defendant answered, admitting the execution of the note sued upon and denying that defendant had failed to pay the same. This, of course, would cure any defective allegations in the complaint upon these matters. The error of the trial court in overruling the demurrer would not warrant a reversal of this judgment after a trial upon the merits and after the defendant had

put in issue by her answer all matters going to the substantial rights of the parties. In the case of *Alexander* v. *Central L. & M. Co.*, 104 Cal. 532, 536 [38 Pac. 410, 411], it was said: "Aside from these reasons, if we concede the complaint defective in this regard by reason of uncertainty, yet that uncertainty is not such as demands a retrial of a case which has gone to judgment upon the facts. It is not in all cases where error has been committed by trial courts in overruling demurrers to complaints upon the grounds of ambiguity or uncertainty that this court will order a reversal of a judgment based upon a trial of the issues made by the complaint and answer. The same rule applies to errors of this character as is invoked as to all other errors of the court. It must not be mere abstract error, but it must be prejudicial and injurious error in order to avail appellant, for otherwise he has no cause of complaint. It is apparent to the court from this record that no harm resulted to appellant by reason of the order of the court overruling the demurrer. The denials of the answer are full and complete. . . . " (See, also, *Trask* v. *Garza*, 51 Cal. App. 739 [197 Pac. 807]; *Ferry* v. *O'Brien*, 188 Cal. 629 [206 Pac. 449]; *Ransch* v. *Arp*, 39 Cal. App. 580 [179 Pac. 694]; *Myers* v. *Canepa*, 37 Cal. App. 556 [174 Pac. 903, 906]; *Sledge* v. *Stolz*, 41 Cal. App. 209 [182 Pac. 340]; *Menefee* v. *Osman*, 42 Cal. App. 81 [183 Pac. 379].) In the case of *National Bank* v. *Exchange Nat. Bank*, 186 Cal. 172, 180 [199 Pac. 1, 5], the court said: "In view of the answer and the trial upon the merits, it is unnecessary to consider the special demurrer. The rights of the parties were fully litigated under the pleadings. The evidence . . . of the nonpayment of the plaintiff's claim was fully presented to the court so that a technical error, if any, in the statement of the causes of action in the complaint would not justify the reversal of the case."

[2]    The next objection of appellant is that the trial court erred in failing to find whether or not the plaintiff had received any payments upon the note of Stickel held by plaintiff as collateral security. The findings recite that no evidence was offered by the defendant at the trial, and it is found: "That no part of said promissory note, principal or interest, has been paid, except $492.50 on account of interest." Defendant was given credit for this amount and

judgment rendered against her for the balance due. The question of whether or not the plaintiff had received any payments upon the collateral held by him was an issue made by the pleadings, the answer alleging, upon information and belief, that plaintiff had received from Stickel certain payments upon his obligation, the exact amount of which was alleged to be unknown to the defendant. This was an issue at the trial. The evidence is not before us, but if it had shown that plaintiff had received any payments upon the note held as collateral, such payments would have been applicable upon the obligation of the defendant, and would have reduced the amount owing upon her note by the amount of the payments received upon the collateral. Therefore, a finding that only $492.50 has been paid upon the obligation of defendant and that there is due and owing to plaintiff thereon the sum of $2,623.08, principal and interest, is also an implied finding that no amount greater than $492.50, applicable upon defendant's note, was ever received by the plaintiff from any source whatsoever. While it would have been desirable to have an express finding regarding the receipt of payments upon the collateral, a claim that its absence would constitute prejudicial error under the facts just recited need not be seriously discussed.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.