## PARKINSON V. SHEW *et al.*

Where, in an action on an injunction bond given to restrain plaintiff from marketing grain raised by him on defendant's land, defendant interposed a counterclaim for plaintiff's prior wrongful use and occupation of the premises, and plaintiff demurred on the ground that the relation of landlord and tenant did not exist, defendant is entitled to recover for use and occupation, under Comp. Laws, § 4601, authorizing the owner of premises wrongfully occupied to recover for such occupation, though the counterclaim showed no agreement by plaintiff to pay rent.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Miner county. Hon. FRANK B. SMITH, Judge.

Action by F. W. Parkinson against Lewis P. Shew and others to recover upon a bond. From an order sustaining a demurrer to defendants' counterclaim, defendants appeal. Reversed.

*George W. Case*, for appellants.

*John B. Hanten*, for respondent.

FULLER, J. In this action to recover upon a bond given as indemnity against loss caused by the issuance of a restraining order at the suit of defendants against plaintiff for an accounting it is stated in the complaint that by reason of such order plaintiff was damaged in the sum of $300, occasioned by delay in harvesting, threshing, and marketing certain grain owned by him, and raised during the year 1897, on land of which defendants are the owners. Answering this complaint, and by way of counterlaim, defendants sought to recover $400 for the use and occupation of the premises during the time mentioned, and which it is alleged plaintiff wrongfully and without

authority entered upon, occupied and retained for his own use and benefit. On this appeal by the defendants from an order sustaining a demurrer to the foregoing answer and counterclaim, and in support of such order, plaintiff relies wholly upon the insufficiency of facts stated therein, and maintains that the relation of landlord and tenant is vitally essential to a recovery for the use and occupation of land. By the demurrer it is admitted that the appellants were the owners and entitled to the possession of the premises which respondent tortiously entered upon and wrongfully occupied during all the time mentioned in the complaint. In such a case the tort may be waived, and an action based upon implied assumpsit is usually maintainable to recover the value of the use of the property for the time of such occupation, together with the costs of recovering possession. Olson v. Huntamer, 6 S. D. 364, 61 N. W. 479, Although the averments of the counterclaim negative the implication of a contract to pay rent, proof of the facts therein stated would entitle appellants to recover under Section 4601 of the Compiled Laws, and the order appealed from is reversed.