[S. F. No. 8217.   In Bank.—October 24, 1919.]

THE RICHMOND WHARF AND DOCK COMPANY (a
Corporation), Plaintiff and Respondent, v. ANSON S.
BLAKE, Defendant and Respondent; THE SAN
PABLO QUARRY COMPANY et al., Defendants and
Appellants; THE BLAKE AND BILGER COMPANY
et al., Defendants and Respondents.

[1] Landlord and Tenant—Contract Concerning Building and Sub-
letting of Wharf—Privity Between Owner and Sublessee.—
Where, under a contract between a land owner and a contractor,
the former as partial compensation to the latter for making certain
improvements on the land, was to permit a company to build and
occupy a wharf upon the property, rent free, during the life of the
contract, the company, however, to have the right to sublet the
wharf, but in the event of subletting, one-half of the rent to be
paid to the owner, and the wharf was built and sublet, there was
privity of contract between the owner and the company from the
time the latter accepted the consideration moving to it under the
contract.

[2] Id.—Termination of Tenancy—Right to Sue for Use and Oc-
cupation.—A land owner may, in view of section 1161 of the Code
of Civil Procedure and section 3334 of the Civil Code, sue for the
use and occupation of his property, and is not confined to an action
for mesne profits, notwithstanding that after the holding over of
the tenants, he never by contract changed the tenancy by sufferance
into a tenancy at will upon like terms with the original tenancy.

[3] Id.—Action for Use and Occupation—Occupancy by Permission
—Unnecessary Finding.—In an action by a land owner for the
use and occupation of his property, error in finding that the occu-
pancy was with the permission of the plaintiff is immaterial, since
the allegation of permission and a finding thereon are both un-
necessary in such an action.

[4] Id.—Pleading—Essential Allegations.—A land owner who brings
a suit for the use and occupation of his property need only allege
his ownership of the land, occupation by defendant, the reasonable
value of the use of the property for the period of occupation and
that such sum is unpaid.

[5] Id.—Error in Procedure—Insufficient Ground for Reversal—
Constitutional Provision.—In view of section 4½ of article VI
of the constitution, even though a land owner's action for the use
and occupation of his property erroneously sounded in contract, and
the proof was of use and occupation without contract, such error
in procedure is not a sufficient ground for reversal of the judgment.

[6] ID.—OCCUPANCY BY PERMISSION—EFFECT OF ALLEGATION.—In view of section 3334 of the Civil Code, which abolishes the rule that a trespasser may be sued only for mesne profits, a complaint for the use and occupation of property which alleges that the occupation was with the acquiescence, permission, and sufferance of plaintiff and his assignors and predecessors in interest, states a good cause of action, even though the word "permission" be eliminated.

APPEAL from a judgment of the Superior Court of Alameda County.  William H. Waste, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Sterling Carr for Defendant and Appellants.

Reed, Nusbaumer & Bingaman and Garret W. McEnerney for Plaintiff and Respondent.

Johnson & Shaw  for Defendants and Respondent.

Harry W. Pulcifer  for Defendants and Respondents.

MELVIN, J.—Plaintiff, as assignee of one A. S. Macdonald, sued for the value of the use of certain real property.  There were five defendants, as indicated by the title of the cause.  Judgment was recovered against Anson S. Blake, San Pablo Quarry Company, and San Francisco Quarries Company for $6,809.12 as the value of the use of said land.  It was adjudged that plaintiff take nothing by the action from either of the other two defendants.  The three defendants against whom the judgment was given have appealed, but the appeal which we are now considering is that of the quarry companies.  The appeal of Anson S. Blake is separate from this and will be separately determined.

The land, occupation of which is involved in this action, is a portion of lot No. 16, in section No. 16, township 1 north of range 5 west, Mount Diablo base and meridian, and being a tract of tide-land in the bay of San Francisco.  Compensation was also demanded for the use of a wharf and the approach thereto situated upon said land.

Appellants, by their answers, denied that plaintiff owned the land and improvements described in the complaint.  They denied that they occupied the designated premises except that the San Francisco Quarries Company, as tenant of the San

Pablo Quarry Company, and by virtue of the right of said San Pablo Quarry Company, as littoral owner of the upland lying adjacent to the bay of San Francisco, to build a wharf out to navigable water, did occupy the wharf and use the approach thereto. The appellants also denied that such use or occupation was with the acquiescence or permission or sufferance of the plaintiff or any of its predecessors in interest. The court found that San Pablo Quarry Company did not construct or occupy the wharf in the exercise of any asserted right as owner of the upland, but only by reason and under authority of a contract between A. S. Macdonald and Anson S. Blake, dated August 3, 1906. This finding is supported by the evidence.

It was found by the superior court that appellants occupied the premises during the term for which compensation is demanded with the acquiescence, permission, and sufferance of plaintiff and its predecessors in interest. Appellants insist that this finding is without sufficient support in the evidence—a contention which we shall proceed to examine.

The contract between Macdonald and Blake authorized the latter to occupy the land for a period of five years from August 3, 1906. Blake promised to do certain work on the property, including the construction of a sea-wall and other important improvements. In compensation for such work Macdonald was to convey to Blake an undivided one-half interest in the land after it should have been filled and walled and was to allow Blake to occupy, rent free, such part of the land as might be required for the prosecution of the work, during the five years of the life of the agreement. As further consideration Macdonald was to permit San Pablo Quarry Company to build and occupy a wharf upon the southerly portion of the property, rent free, during the life of the agreement. San Pablo Quarry Company, however, might sublet the wharf, with consent of all parties to the contract, but in the event of such subletting one-half of the rent was to be paid to Macdonald, the owner of the land. San Pablo Quarry Company did build the wharf and sublet it to San Francisco Quarries Company, becoming bound thereby to pay one-half of the rental to Macdonald. [1] There was privity of contract between Macdonald and San Pablo Quarry Company from the time the latter accepted the consideration moving to it under the contract. That company and the sublessee were

in possession of the property so demised when Blake's five-year contract expired August 2, 1911, and they continued to occupy the premises from August 3, 1911, until July 23, 1913.

It is contended by appellants that because Macdonald, after the holding over of appellants, never by contract changed this tenancy by sufferance into a tenancy at will upon like terms with the original tenancy, the land owner cannot sue for use and occupation but must sue for *mesne* profits. **[2]** Even if we concede that this is the doctrine prevailing in other jurisdictions, we are bound by positive statutes in California to hold that such an action as this will lie. There are two code sections which are applicable to the problem presented by this appeal. Section 1161 of the Code of Civil Procedure, so far as pertinent, is as follows:

"A tenant of real property, for a term less than life, is guilty of unlawful detainer:

"When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his landlord, or the successor in estate of his landlord, if any there be. . . . "

Section 3334 of the Civil Code, in its material part, is as follows: "The detriment caused by the wrongful occupation of real property, . . . is deemed to be the value of the use of the property for the time of such occupation."

The complaint alleged that the occupancy of the premises was with the "acquiescence, permission, and sufferance of plaintiff and plaintiff's assignors and predecessors in interest." The court found this allegation to be true. In this the court erred, so far as the finding of "permission" is concerned, for, although it appears that Macdonald told Blake that he would not interfere with Blake or his business, and although it appears that Blake was president of the San Pablo Quarry Company, it was not shown that permission, if any was expressed by Macdonald's remark, was communicated to that corporation. **[3]** But the allegation of permission and the finding thereon were both unnecessary in a suit for the value of the use and occupation of the property. **[4]** A land owner, who brings a suit for the use and occupation of his property, need only allege his ownership of the land; occupation of said land by defendant; the reasonable value of the use of the property for the period of occupation;

and that such sum is unpaid. If demurrer for uncertainty were based upon the failure of the pleading to indicate whether the occupation was with or without the plaintiff's permission, such demurrer would be properly overruled because the liability would be the same in either event. As this idea was well expressed by counsel for respondent in one of the briefs "the gravamen of the action and the measure of recovery are precisely the same in tort as in contract."

[5] Conceding that plaintiff's action erroneously sounded in contract but the proof was of use and occupation without contract, the substance of the contention and the measure of the amount of property recoverable were essentially the same, and it would be a manifest injustice to reverse the cause because of error in procedure. Section 4½ of article VI of the constitution of California would be properly applicable to the judgment in this case.

[6] It will be noticed, however, that although the complaint alleged permission, it also alleged sufferance. If we should eliminate the word "permission" and should allow the associated words of the complaint to remain, we would have a well-stated cause of action under section 3334 of the Civil Code, which abolishes the rule that a trespasser may be sued only for "*mesne* profits." The complaint merely stated more than was necessary to allege, namely, that the occupancy was with permission. Permission or lack of it being immaterial, both the pleading and finding in that regard may be disregarded and the judgment upheld upon the findings, sustained by the proof, of the fact, term, and value of the occupation of the land.

In South Dakota, a statute identical with section 3334 of the Civil Code of California has received judicial construction in cases very similar to the one at bar. The statute to which we refer is section 2313 of the Civil Code of South Dakota (formerly section 4601 of the Compiled Laws of that state). In *Parkinson* v. *Shew*, 12 S. D. 171, [80 N. W. 189], the lower court had sustained a demurrer to a counterclaim to recover "for the use and occupation of the premises . . . which it is alleged plaintiff wrongfully and without authority entered upon, occupied, and retained for his own use and benefit." In reversing this ruling the supreme court used the following language:

"Plaintiff relies wholly upon the insufficiency of facts stated therein, and maintains that the relation of landlord and tenant is vitally essential to a recovery for the use and occupation of land.  By the demurrer it is admitted that the appellants were the owners and entitled to the possession of the premises which respondent tortiously entered upon and wrongfully occupied during all the time mentioned in the complaint.  In such a case the tort may be waived, and an action based upon implied assumpsit is usually maintainable to recover the value of the use of the property for the time of such occupation, together with the costs of recovering possession.  (*Olson* v. *Huntamer,* 6 S. D. 364, [61 N. W. 479].)  Although the averments of the counterclaim negative the implication of a contract to pay rent, proof of the facts therein stated would entitle appellants to recover under section 4601 of the Compiled Laws, and the order appealed from is reversed.''

The case of *Baldwin* v. *Bohl,* 23 S. D. 395, [122 N. W. 247], is authority for the same interpretation of the statute.

Appellants contend that since Blake, under the contract of August 3, 1906, was vendee of the land in controversy, this suit was improper, because, as they assert, an action for use and occupation will not lie against a vendee pending the performance of the contract of sale.  The answer to this contention is that the contract had expired and was no longer in force during the period for which compensation for use and occupation was sought and recovered.

No other matters discussed in the briefs require analysis or comment.

The judgment is affirmed.

Wilbur, J., Shaw, J., Lawlor, J., and Angellotti, C. J., concurred.

Mr. Justice Olney, deeming himself disqualified, did not participate.

Rehearing denied.

All the Justices, except Olney, J., who did not participate, concurred.