[Civ. No. 7175. Second Appellate District, Division One.—April 21, 1932.]

W. H. TAGGART, as Trustee, etc., Respondent, v. C. J. SHEPHERD, Defendant; ROLENA B. SHEPHERD, Appellant.

Janeway, Beach & Hankey and S. T. Hankey for Appellant.

Paul W. Sampsell and Will J. Thayer for Respondent.

TAPPAAN, J., *pro tem.*—Plaintiff recovered judgment against defendants, who are husband and wife. The wife only appeals from this judgment. The appeal is based upon the judgment-roll.

The action, denominated by the plaintiff as an "action for damages for withholding real property", was instituted by plaintiff in his capacity as trustee. Riveroll, for whom plaintiff was trustee, had been declared a bankrupt on October 26, 1928. On October 20, 1928, defendant and appellant, Rolena B. Shepherd, entered into a written lease of the premises here in question with the Hollywood Holding Corporation, which at that time was the record owner of the premises. The court in its findings filed herein

found that Riveroll, the bankrupt, was in fact the true owner of the premises at the time this lease was made. The defendants occupied the premises from November 1, 1928, until about March 10, 1929, when they removed therefrom pursuant to an order made by the referee in bankruptcy.

The court found that the occupation of the premises by defendants constituted, as to them, necessaries of life during the term of their occupancy. The court also found that the arrangements or negotiations for the lease of the premises were made by the defendant C. J. Shepherd, and that appellant took no part therein, except to sign the lease of the premises as lessee at the instance and request of her defendant husband. Appellant's contention is that the action, as stated by plaintiff, is one in tort and must be deemed to exclude the idea of *assumpsit* founded upon implied contract; that, the action sounding only in tort and there being no evidence that appellant, a wife, acted of her own volition in the matters complained of by plaintiff, her husband and co-defendant only can be held liable.

That this action is not based upon an express contract or *one implied in fact* is made clear when the material allegations of the complaint are considered. The complaint alleges: "That on November 1st, 1928, said defendants entered upon said real estate *without the knowledge or consent* of plaintiff and continued in sole and exclusive possession and enjoyment of said real estate until on or about the 10th day of March, 1929, at which time they vacated and quit possession of said premises." It would seem from an examination of this pleading that plaintiff's theory was one by which he sought to recover from defendants for the "use and occupation" of the premises.

Appellant relies upon the case of *Sampson* v. *Schaeffer,* 3 Cal. 196, decided in 1853. This case holds squarely that an action for use and occupation will not lie when possession is *adverse* or *tortious,* as such possession excludes the idea of a contract, express or implied in fact. This case has never been cited by any California court. In the period that has elapsed since the case of *Sampson* v. *Schaeffer, supra,* was decided, nearly eighty years, many profound changes have taken place in our law. One instance well illustrates this: In the case of *Sampson* v. *Schaeffer, supra,*

758

the court points out that the plaintiff's remedy is not for *mesne profits.* Section 3334 of the Civil Code, enacted long after that case was decided, abolishes the rule that a trespasser may only be sued for mesne profits. (*Richmond Wharf & Dock Co.* v. *Blake,* 181 Cal. 454, 458 [185 Pac. 184].)

The facts in the case at bar are not of such nature as would exclude the idea that defendants' use and occupation of the premises was by sufferance rather than purely tortious. The lease entered into by appellant was made six days before plaintiff's principal was declared a bankrupt, and defendant had been in the use and occupation of the premises some weeks before plaintiff became trustee. Defendants remained in the use and occupation of the premises for some months after plaintiff's appointment, and he, as trustee, then secured possession thereof from defendants by a summary proceeding instituted before the referee in bankruptcy. The defendants' entry and occupation of the premises was not unlawful or forcible in its inception. The obligation resting upon defendants was one *implied in law,* as distinguished from one *implied in fact. Quasi* contract rather than true contract.

"A land owner, who brings a suit for the use and occupation of his property, need only allege his ownership of the land; occupation of said land by defendant; the reasonable value of the use of the property for the period of occupation; and that such sum is unpaid." (*Richmond Wharf & Dock Co.* v. *Blake, supra,* p. 457.) In the same case, at page 458, we find that, "Permission or lack of it being immaterial". On page 459 of the same case, the court quotes from *Parkinson* v. *Shew,* 12 S. D. 171 [80 N. W. 189], as follows:

"In such a case the tort may be waived, and an action upon implied *assumpsit* is usually maintainable to recover the value of the use of the property for the time of such occupation. . . ."

The trial court made the following finding: "That said occupation and possession of said premises by said defendants constituted *necessaries of life,* to wit, lodging and shelter, for said defendants, and each of them, during said period of time."

■ Appellant's contention that defendants' use and occupation of the premises must be deemed as tortious is not sustained by the record presented here, and, under the view of the case as herein expressed, appellant's citation of authorities on that phase of the matter are inapplicable. Section 171 of the Civil Code provides as follows: "the separate property of the wife is liable for the payment of debts contracted by the husband or wife for necessaries of life furnished to them or either of them while they are living together." Appellant's contention that the term "contracted", as made use of in this section, excludes the idea of an implied contract, is without merit when read in conjunction with the context of the section.

"Also the wife would be liable for at least the price of necessaries thus furnished while the husband and wife were living together under the provisions of section 171 of the Civil Code." (*Wisnom* v. *McCarthy*, 48 Cal. App. 697, 701 [192 Pac. 337, 339].)

"The dismissal in the present action, as to the husband, did not affect the obligation of the wife. Under the holding in *Evans* v. *Noonan, supra* (20 Cal. App. 297 [128 Pac. 794]), the defendants were jointly liable. Plaintiff might, therefore, have sued either, or, having sued both, she might have dismissed her action as to either." (*Wisnom* v. *McCarthy, supra,* p. 702.)

That lodging and shelter are necessaries of life is not questioned.

The judgment appealed from is affirmed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.