[Civ. No. 8781. Second Appellate District, Division Two.—October 22, 1934.]

LOUIS SAMUELS, Respondent, v. ISIDOR SINGER et al., Defendants; I. PRITSKER, Appellant.

Kaye & Johnstone, W. W. Kaye and Homer Johnstone for Appellant.

Mathes & Sheppard, James C. Sheppard and J. Stanley Mullin for Respondent.

WILLIS, J., *pro tem.*—This is an appeal on the judgment-roll by appellant, I. Pritsker, from a judgment in favor of respondent for the sum of $586, as value of use and occupation of certain premises, and for the further sum of $37.72, interest thereon from a certain date.

Appellant urges reversal on the ground that the complaint failed to state a cause of action. The amended complaint to which appellant answered after general demurrer was overruled is designated as one of "unlawful detainer", and contains, among other allegations, those usual in such cases relative to treble rents, with a prayer for possession and "treble the amount of rentals due and owing". The complaint contains no allegation of service of the three days' notice described and provided for in sections 1161 and 1162 of the Code of Civil Procedure.

In considering the sufficiency of a complaint the court is not concerned with the question of proper designation of the action, nor with the prayer for relief. The duty devolving upon the court is that of determining from its allegations whether the complaint states any cause of action entitling plaintiff to any relief at law or in equity. (*Hayden* v. *Collins*, 1 Cal. App. 259 [81 Pac. 1120]; *Keele* v. *Clouser*, 92 Cal. App. 526 [268 Pac. 682]; *Luckey* v. *Superior Court*, 209 Cal. 360 [287 Pac. 450].) And the court has jurisdiction to grant "any relief consistent with

the case made by the complaint and embraced within the issue''. (Sec. 580, Code Civ. Proc.; *Hinkel* v. *Crowson*, 83 Cal. App. 87 [256 Pac. 479].) ▮ The complaint herein alleged that plaintiff was the owner of a leasehold estate in certain real property occupied by a business or store building, portions of which he had leased by an instrument in writing to defendant Isidor Singer at a gross rental payable in monthly installments of $2,850 each; that appellant was a subtenant under Singer, occupying and in possession of a smaller portion of the leased premises; that the lease to Singer provided for termination thereof at the option of respondent upon a default in payment of rent continuing for a period of five days; that defendant Singer failed to pay the rent falling due April 1, 1931, and that on April 13, 1931, the default still continuing, respondent elected to terminate such lease; that he served on Singer and on appellant a notice in writing terminating the lease and demanding possession; that defendants refused to deliver possession; that the ''rental value of said premises so detained and wrongfully possessed by defendants . . . was at all times herein mentioned, and now is, the sum of $2850.00 per month''; that there is now unpaid rental in the sum of $5,700; that because of such wrongful detention plaintiff has been damaged in the sum of $5,700; that said lease provided for attorney's fees should lessor prevail in any action for possession of said premises. The prayer in addition to that above stated includes allowance for attorney's fee and ''such other, further and equitable relief as to this honorable court may appear meet and proper''.

The allegations state a cause of action for recovery of possession of real property and the rents or value of use thereof, commonly called ejectment, and the prayer embraces relief which may be granted in such action. (Sec. 427, subd. 2, Code Civ. Proc.) ▮ That it did not state a cause of action for unlawful detainer is patent, as no three days' notice provided by sections 1161 and 1162 of the Code of Civil Procedure is alleged to have been served. Such notice is made an essential to employment of the summary process of unlawful detainer for recovery of possession of real property under circumstances such as are alleged in the complaint herein, by the provisions of

section 791 of the Civil Code. That section provides that when the right of reentry is given to a lessor in a lease, such reentry may be made at any time after the right has accrued, upon three days' notice, as provided in sections 1161 and 1162 of the Code of Civil Procedure. This section is qualified by section 793 of the Civil Code, which provides that an action for the possession of real property leased with a right of reentry may be maintained at any time after the right to reenter has accrued, without the notice prescribed in section 791. ■ The termination of the lease herein became effective on the service of the notice of termination for the five days' default in payment of rent. Thereupon an election of remedies was open to respondent. By virtue of section 791 of the Civil Code he could proceed in unlawful detainer under the summary provisions of the Code of Civil Procedure or else he could seek one of the general remedies offered by law. If he chose the former, he must have first served the three days' notice mentioned in sections 1161 and 1162 of the Code of Civil Procedure. (*Wickstrom* v. *McGrath,* 86 Cal. App. 651 [261 Pac. 326]; *Universal Milk Co.* v. *Wood,* 205 Cal. 751 [272 Pac. 745].) In such case the occupant is not ''guilty of unlawful detainer'' nor subject to the summary procedure for possession and damages until the three days' notice described in sections 1161 and 1162 has been served and compliance therewith refused. Respondent served no such notice, but nevertheless commenced proceedings for recovery of possession under the guise and designation of the summary provisions of the code. ■ It is mentioned in the brief of appellant that respondent at the trial claimed that the summary action was based on and justified by subdivision 1 of section 1161 of the Code of Civil Procedure. The allegations of the complaint herein remove the case from the operation of that subdivision, which by its terms makes a tenant guilty of unlawful detainer when continuing in possession in person or by subtenant after the *expiration* of the term for which the property was let to him. Herein the lease was *terminated* by act of the lessor before the expiration of the term for which it was let. Hence there has been no expiration of the term. It has been held by our Supreme Court that this subdivision 1 of section 1161 does not apply to

termination of a lease by the lessor or by a technical forfeiture, during its term, but only to expiration by lapse of time as specified in the lease. (*Silva* v. *Campbell*, 84 Cal. 420 [24 Pac. 316]; *Pringle* v. *Wilson*, 156 Cal. 313 [104 Pac. 316, 24 L. R. A. (N. S.) 1090].) It was to supplement this right to the use of the summary process by a lessor to recover possession from the tenant continuing in possession after "expiration" of the lease, that section 791 of the Civil Code made provision for its similar use by the lessor who had terminated the lease and gained a right of reentry, upon giving the three days' notice provided in section 1161. Otherwise he must in such case resort to the action of ejectment as authorized by section 793 of the Civil Code. This we are satisfied respondent did, whether intentionally or not, as the result of the contents and form of the allegations in his complaint as filed. For the reasons stated, the general demurrer was properly overruled.

In his answer to the complaint, filed on June 2, 1931, appellant alleged that he had delivered possession to respondent of the property sought to be recovered on May 15, 1931, and that ever since that date respondent had been in possession thereof; he denied that the rent for April and May, 1931, was unpaid on said premises, and denied that the rental value thereof was the sum of $2,850 per month. He also denied that because of wrongful detention and possession of said premises by defendants, plaintiff was damaged in the sum of $5,700, and denied that said detention was wilful and without any right and that treble value of the rentals accrued in the sum of $17,100. All other allegations were admitted by reason of failure to deny. It thus appears that after respondent filed his amended complaint seeking recovery of possession and rental value, and before issue of fact was joined by answer, possession had been delivered to him. This, if true, eliminated the question of recovery of possession from the case, and in effect resolved the action into one for recovery of the value of use and occupation for the period of wrongful detention.

In the case of *Servais* v. *Klein*, 112 Cal. App. 26 [296 Pac. 123, 127], an action was brought for unlawful detainer. After commencement thereof defendants surren-

dered possession, and in their answer subsequently filed alleging that fact, sought to interpose a counterclaim to plaintiff's claim of rents. The court therein said: "It will be observed from all of these items of evidence and matters of pleading that there was never an issue between the parties upon the question of possession of the demised premises. Both as a matter of procedure and as a matter of substance the case was one in which was actually litigated only a question of rent, a question as to the disposition of the $12,000.00 and a question as to counsel fees." The court thereupon held that, contrary to the rule forbidding counterclaims in actions of unlawful detainer, in this case under its new form and complexion it was proper to allow a counterclaim. In the instant case, upon the filing of defendants' answer the only issue left for trial was the value of use of the property detained during a definite period, and the case was subsequently tried and decided on the issue of rental value or value of use and occupation during the period of occupancy alleged and admitted. This is manifest on an examination of the findings of the court, which, after affirmative findings as to the allegations of the amended complaint in respect to the ownership of the leasehold estate, the sublease to and possession of a portion of the premises by appellant, the default in payment of rent by defendant Singer and demand for payment thereof, and the notice of termination, proceed to find that appellant continued in actual possession, use and occupation of said portion, without the consent of respondent, from April 13 to May 15, 1931, and that the "use and occupation of that portion of said premises occupied by defendant I. Pritsker, as aforesaid, from the 13th day of April, 1931, and including the 15th day of May, 1931, is of the reasonable value of Five Hundred Eighty-six Dollars ($586.00)".

█ This appeal being on the judgment-roll alone, we must presume that the facts as found by the trial court were treated by all parties as issues properly before the court at the trial, that the pleadings were treated as sufficient to raise the issues upon which the findings were made, and that evidence in support of such issues was introduced and went in without objection. (*Freeman* v. *Gray-Cowan, Inc.*, 219 Cal. 85 [25 Pac. (2d) 415].) Hence it follows

that the finding that the value of the "use and occupation" of that portion of the premises occupied by appellant was $586 is supported by the allegations in the amended complaint that the rental value of said premises so detained and wrongfully possessed by defendants and each of them" was $2,850 per month. (*Johnson* v. *Visher*, 96 Cal. 310 [31 Pac. 106].) ■ Section 3334 of the Civil Code provides that the detriment caused by the wrongful occupation of real property is deemed to be the value of the use of the property for the time of such occupation. This action being one of that nature, as we have held herein, such section furnished the measure of damage, and the findings as to value or damage are sustained thereby.

■ Appellant cites the case of *City Investment Co.* v. *Pringle*, 73 Cal. App. 782 [239 Pac. 302], on the point that the trial court was without power to award judgment for value of use and occupation against appellant, as there existed between respondent and this appellant neither privity of estate nor of contract. That case, however, holds that an action could be maintained for use and occupation against a subtenant where an agreement, express or implied, existed between the lessor and the lessee. In *Richmond Wharf & Dock Co.* v. *Blake*, 181 Cal. 454 [185 Pac. 184], the rule is announced that "a land owner who brings a suit for the use and occupation of his property need only allege his ownership of the land, occupation of such land by defendant, the reasonable value of the use of the property for the period of occupation, and that such sum is unpaid". It is therein held that permission or lack of it to occupy is immaterial, and that a judgment for the value of such use will be upheld upon findings of the fact, term and value of the occupation of the land. With approval the court cites the case of *Parkinson* v. *Shew*, 12 S. D. 171 [80 N. W. 189], wherein that court said: "Plaintiff relies wholly upon the insufficiency of facts stated therein (a counterclaim), and maintains that the relation of landlord and tenant is vitally essential to a recovery for the use of the land. By the demurrer it is admitted that the appellants were the owners and entitled to the possession of the premises which respondent tortiously entered upon and wrongfully occupied during all the time mentioned in the complaint. In such a case the tort may be waived, and an action based upon im-

plied *assumpsit* is usually maintainable to recover the value of the use of the property for the time of such occupation, together with the costs of recovering possession."

In the case of *Taggart* v. *Shepherd,* 122 Cal. App. 755 [10 Pac. (2d) 808], the complaint contained a similar allegation to that in this case, to the effect that defendants continued in possession of the premises without the consent of plaintiff up to a certain date. It was claimed therein that that action was one of tort and excluded the idea of *assumpsit* founded upon implied contract. In deciding that question the court said: "The defendants' entry and occupation of the premises was not unlawful or forcible in its inception. The obligation resting upon defendants was one *implied in law,* as distinguished from one *implied in fact. Quasi* contract rather than true contract." The court then cites and quotes from *Richmond Wharf & Dock Co.* v. *Blake, supra,* substantially as hereinabove quoted. In the case of *Ransch* v. *Arp,* 39 Cal. App. 580 [179 Pac. 694], the court said: "Plaintiff recited the facts respecting the manner in which defendants obtained possession of the premises and sued only for the value of the use thereof. As we understand the rule, it is permissible for a party to waive a tort and sue upon the implied contract resulting thereunder, when no special damages are made the subject of the cause of action."

From these authorities we deduce the proposition that one wrongfully occupying the real property of another is liable to the owner for damages in tort; that the owner may waive the tort and sue on the contract implied in law as resulting from such tort, and that such contract, thus implied in law, obligates the wrongful occupant of real property to pay to the owner thereof the reasonable value of the use thereof during the period of such occupancy. It follows, therefore, that the judgment herein, which is based upon findings of the fact, term and value of occupation of the real property in question, should be upheld.

 In addition to the amount adjudged as reasonable value of the use of the premises, the trial court allowed interest thereon in the sum of $37.72 at the rate of seven per cent from April 18, 1931. Why this latter date was selected does not appear in the findings, but assuming that the date of April 13, 1931, which was the date of termination of the

lease, was intended, we are confronted with the proposition of interest being allowed on a sum in advance of the obligation to pay. Appellant's liability began on April 13, 1931, and continued from day to day over a period ending May 15, 1931. The damage for breach of his implied legal obligation to pay the reasonable value of the use of the property during that period was not certain nor capable of being rendered certain by calculation, as required by section 3287 of the Civil Code, but the amount thereof could only be settled by process of law or by an accord between the parties. (*Cox* v. *McLaughlin,* 76 Cal. 60, 71 [18 Pac. 100, 9 Am. St. Rep. 164]; *Easterbrook* v. *Farquharson,* 110 Cal. 311 [42 Pac. 811].) In the case of *Coburn* v. *Goodall,* 72 Cal. 498 [14 Pac. 190, 1 Am. St. Rep. 75], plaintiff brought suit for damages for breach of covenant in a lease to surrender possession at expiration of the term. Judgment was entered for damages for detention over a definite period of time, with interest on the amount from time of commencement of action. The court on appeal, after quoting the language of section 3287 of the Civil Code, said: "But the damages were unliquidated and uncertain and could only be made certain by proof and adjudication. When the plaintiff's claim was an unliquidated demand, and the amount due could not be ascertained from the face of the contract but was to be settled by process of law, this court has held that interest *eo nomine* cannot be allowed. (*Brady* v. *Wilcoxson,* 44 Cal. 245.)" ▮ It is held to be the general rule that in actions on *quantum meruit* the exact amount to which a plaintiff is entitled is uncertain until the same has been determined by the court upon presentation of evidence showing the amount, character and value of the services rendered, and that in such cases interest is not allowable upon the theory that the person liable does not know of the sum he owes, and therefore can be in no default for not paying. (*Curtin* v. *State of California,* 61 Cal. App. 377 [214 Pac. 1030], with cases cited.) Under the same rule would fall actions on *quantum valebat,* such as the instant case. It follows that interest herein must be disallowed and the judgment modified accordingly.

It is ordered that the judgment be modified by deducting and striking therefrom the allowance and item of $37.72

interest, and that as so modified it be affirmed, each party to bear his costs on appeal.

Stephens, P. J., and Desmond, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 20, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 20, 1934.