[Civ. No. 14056.   Second Dist., Div. One.   Aug. 6, 1943.]

HAROLD HEROND et al., Appellants, v. SAMUEL N. BON-
SALL et al., Respondents.

James J. McCarthy for Appellants.

George R. Schmidt for Respondents.

WHITE, J.—This is an appeal by cross-defendants from a judgment rendered against them on the first, second and third causes of action of a cross-complaint.

By their first cause of action cross-complainants alleged that at all times therein mentioned they were the owners of certain real property located at 335 North LaBrea, in the city of Los Angeles; that on or about the 21st day of March, 1938, they leased said premises to Pacific Coast Enterprises, Inc., a California corporation; that said lease expired and terminated on or about March 31st, 1939. It was then alleged that during the term of said lease cross-defendants and the tenant in possession kept upon the premises certain restaurant and night club equipment, used in the operation of the business there conducted, prior to the expiration of the lease. That upon termination of the lease cross-complainants gave a good and sufficient notice to cross-defendants and other allegedly interested parties to remove said equipment from the premises but that cross-defendants wrongfully permitted said equipment to remain upon cross-complainants' premises from April 1st to April 21st, 1939, upon which last named date cross-complainants caused the same to be placed with a storage company subject to the order of cross-defendants. The second cause of action of the cross-complaint is a restatement, upon slightly different legal theories, of the first cause of action.

The third cause of action alleged that on the 18th day of May, 1937, pursuant to the terms of a written agreement executed by the parties, cross-defendants agreed to pay cross-complainants the sum of $310 on July 1, 1939, but failed and refused to make such payment.

The trial court found that at no time subsequent to March 31, 1939, did cross-defendants have any right, title or interest in or to the premises in question and were not entitled to any notice from cross-complainants to remove the restaurant and night club equipment from the premises of the latter; that by keeping their equipment upon cross-complainants' premises from April 1st to April 21st, 1939, cross-defendants "committed a continuing trespass upon said premises belonging to defendants and cross-complainants and thereby appropriated to themselves the benefit of storage for said equipment"; that the reasonable rental value of said premises from April 1st to April 21st, 1939, inclusive, was $210, against which there was an offset of $110, the nature and character of which is not here material. Upon the first and second causes of action judgment was accordingly entered in favor of cross-complainants for the sum of $100. As to the third cause of action the court found for cross-complainants by reason of the execution of a written agreement on May 18, 1937, by and through which cross-defendants became obligated to pay cross-complainants $310 on July 1, 1939. Judgment went in favor of cross-complainants for this last named amount, and interest, on the third cause of action.

Appellants first contend that they were entitled to a five-day written notice before they could be guilty of trespass and before respondents would be entitled to any damages by reason of the restaurant equipment remaining upon the latter's premises. It appears from the record that over a period of several years prior to 1939, appellants were the lessees of respondents under a written lease upon the North LaBrea Street property. During August, 1937, negotiations were in progress whereby one Robert Cabaniss was to take over appellants' lease and purchase from the latter, upon a conditional sales contract, the restaurant and night club equipment with which we are here concerned. As a part of these plans, appellants and respondents on August 11, 1937, entered into a written agreement wherein they mutually released each other from any and all liability attaching to either or any of them under the lease existing between them, dated May 1, 1935, and ending October 31, 1940. A certain amendment to said lease which provided an option for extension of the lease and a previously executed assignment of the same lease to third parties were also cancelled. By this agreement of August 11, 1937, appellants, as lessees, agreed to surrender the demised premises to lessor-respondents on August 30, 1937. In said

agreement there also appears, typewritten and initialed by the parties on the margin of said agreement, the following provision: "Second Party shall remove from the premises all trade fixtures owned by Second Party within five days after notice requiring the same has been deposited in the United States mail at Los Angeles, California, as registered mail, with postage prepaid, addressed to Second Party at 6021 Hollywood Blvd., Los Angeles, Cal. First Party shall not be responsible, in any way, for Second Party's trade fixtures." The restaurant equipment remained upon the premises throughout the term of the lease between respondents and Cabaniss and subsequently was sold under another conditional sales contract to Pacific Coast Enterprises, Inc., and thereafter continued to remain upon the premises until the expiration of the latter's lease of the premises March 31, 1939.

After termination of the last mentioned lease and while the equipment remained upon their premises, respondents on April 18, 1939, addressed to appellants a notice demanding that within three days thereafter the latter remove all trade fixtures belonging to them from respondents' premises. This notice was deposited in the United States mail on the day it was dated and was received by appellants on the following day, April 19th. On April 21st, respondents caused the equipment to be transferred from the premises to a storage warehouse and notified appellants of such action.

Unless it can be held that the quoted portion of the agreement of August 11, 1937, vested appellants with a right and gave them permission to allow their equipment to remain on respondents' premises until the latter gave the former a five-day notice to remove the same therefrom, the judgment as to counts one and two of the cross-complaint must be sustained.

An action will lie for recovery of the reasonable value of the use and occupation of real property irrespective of the question of whether or not the use thereof by the occupant was tortious or wrongful. In such a case the tort, if any, may be waived and an action based upon implied assumpsit is maintainable to recover the value of the use of the real property for the time of such occupation, where no special damages are sought. A landowner instituting such a suit need only allege his ownership of the land, occupation of such land by the defendant, the reasonable value of the use of the property for the period of occupation, and that such sum is unpaid (*Richmond Wharf & Dock Co.* v. *Blake,* 181 Cal. 454

[185 P. 184]; *Taggart* v. *Shepherd,* 122 Cal.App. 755 [10 P.2d 808]; *Samuels* v. *Singer,* 1 Cal.App.2d 545, 552, 553 [36 P.2d 1098]). For a continuing trespass, section 3334 of the Civil Code prescribes the measure of damage. ▇ Where, as here, the equipment left upon real property substantially fills the premises and prevents or excludes the use thereof, a defendant is liable for the rental value of the entire premises (*Lindberg* v. *Linder,* 133 Cal.App. 213 [23 P.2d 842]). We fail to see wherein the obligation of giving a five-day notice to appellants under the agreement of August 11, 1937, referred to anything other than the surrender of the premises by appellants to respondents on August 30, 1937, and the removal of appellants' personal property by reason of such surrender. Support is given to this view by the fact that on August 27, 1937, respondents did direct a notice to appellants requiring them to remove the trade fixtures within five days thereafter. We fail to perceive wherein subsequent negotiations and re-rentals of the real property revived or continued in force the permissive provisions of the agreement of August 11, 1937, with reference to the removal of appellants' trade fixtures and equipment. Furthermore, the record discloses without contradiction that appellants had notice of the default of Pacific Coast Enterprises, Inc., to whom appellants were selling the equipment under a conditional sales contract, in the payment of rent, for a much greater period than five days prior to April 1, 1939. Appellants were served with the three-day notice directed to Pacific Coast Enterprises, Inc., setting forth the default in rent and the demand for payment thereof or surrender of the premises.

▇ It is next urged by appellants that they could not be guilty of trespass when the equipment was, during the pertinent period, in the possession of Pacific Coast Enterprises, Inc., under a conditional sales contract from appellants as sellers. This claim is devoid of merit. By their own complaint which gave rise to this litigation appellants assert their ownership of the equipment. Indeed, claim of ownership was essential to their cause of action. Unless, as they alleged, they owned the equipment, its removal by respondents could not have damaged them. In another part of this litigation, which has gone to final judgment, there was a finding that appellants were the owners of the equipment. That issue is, therefore, res adjudicata.

The third cause of action upon which respondents obtained

judgment is predicated upon an agreement between the parties hereto, executed on May 18, 1937. By the terms of said agreement it appears that respondents had theretofore obtained a judgment against appellants in the principal sum of $1,315 for accrued rental upon the LaBrea Street property which was under lease to appellants, and which judgment further decreed the cancellation of said lease and restitution of the premises to respondents. The agreement of May 18, 1937, expresses the intentions and purposes of the parties thereto in the following language: ''Whereas it is the desire of the parties hereto to provide for the payment of such Judgment and for reinstatement of said lease and for the cancellation of the said assignment thereof. . . .'' Then follows various and sundry provisions requiring certain payments to be made to respondents by appellants among which, with reference to the item of $310 with which we are now concerned, we find the following: ''2.—In further consideration of the execution of this agreement by said Lessors, said Harold Y. Herond and Mark M. Hansen agree to pay to said Lessors the sum of $310.00 on July 1, 1939. . . .'' In connection with the manner and the time of such payment the agreement reads ''provided, however that if all the terms, covenants and conditions of said lease as amended shall be faithfully kept and performed, then the said sum of $310.00 shall be credited to the rent for the month of September, 1940 under said lease. . . .''

On this appeal it is contended by appellants that certain agreements entered into between the parties hereto on August 11th and September 1st, 1937, cancelled their obligation to make payment of the $310. From a reading of the agreement of August 11, 1937, we are convinced that by the terms thereof appellants were absolved of their obligation to pay the $310. This we say because such obligation arose under the lease between the parties hereto, dated May 1, 1935, and ending October 31, 1940, and amendments thereto, which lease was cancelled by decree of court but which was reinstated by the agreement of May 18, 1937. The contract of August 11, 1937, mutually released appellants and respondents ''from any and all liability which may hereafter accrue to either of them under that certain lease dated May 1, 1935 and ending October 31, 1940.'' This agreement also terminated and cancelled the amendment to such lease which provided for an option for extension of the term thereof, dated December 18,

1936. True, the agreement of August 11, 1937, provided that appellants should not be relieved of their obligation to pay the judgment rendered against them following a previous default in the payment of rent under the lease, but the item of $310 was not a part of such judgment. This sum was not to be paid until July 1, 1939, with the proviso that if all the terms, cónditions and covenants contained in the lease, as amended by the contract of May 18, 1937, were faithfully kept and performed the $310 to be paid July 1, 1939, would be credited on the September, 1940, rental. Manifestly, when the lease which gave rise to this obligation was, by mutual agreement, cancelled on August 11, 1937, the obligation to pay the $310 thereunder, some two years after such cancellation, was extinguished as was the right of appellants to have such payment applied on the rent for September, 1940. In view of this conclusion at which we have arrived, it becomes unnecessary to consider or analyze the agreement of September 1, 1937, because when that agreement was entered into the obligation resting upon appellants to pay the $310 had been extinguished by the contract of August 11, 1937. And in any event the September 1st agreement dealt solely with the settlement of the judgment heretofore referred to.

For the foregoing reasons the judgment from which this appeal was taken is modified by deducting therefrom the sum of $310 and any interest predicated thereon. As so modified the judgment is affirmed. Each of the parties will bear their respective costs on appeal.

York, P. J., and Doran, J., concurred.