[Civ. No. 4571. Fourth Dist. Aug. 4, 1953.]

ELMERE B. MEYER et al., Respondents, v. M. E. PAROBEK et al., Defendants; B. H. BALKEMA et al., Appellants.

David A. Block for Appellants.

Raymond F. Feist for Respondents.

MUSSELL, J.—The facts are set forth in a stipulation. Plaintiffs were the owners of premises, known as 509, 511 and 515 Vista Way in Oceanside, leased to Dye-Trans Color Photo, Inc., a corporation. Defendants and appellants Balkema, Ostrow and Russell loaned to the corporation the sum of $25,000 and in return received from it a promissory note, secured by a chattel mortgage on the fixtures and equipment of the corporation. On or about August 1, 1950, the corporation ceased operations due to financial difficulties and the said fixtures and equipment were left on the premises. Shortly thereafter defendant Ostrow, who was also a director of the corporation, spoke to plaintiff Elmere Meyer in regard to the disposition of the fixtures and equipment. It was stipulated herein that Ostrow would testify that he told Meyer that the corporate assets should remain intact at 515 Vista Way to assist in the sale thereof; that the corporate assets should be moved from 509 and 511 to 515 Vista Way and that he held $90 which he would pay to remove the property. It was also stipulated that Meyer would testify that Ostrow told him that it was his desire that the corporate assets remain intact to facilitate a sale thereof, and that he held $90 which he would pay for the cost of said moving should Meyer have the opportunity to rent the premises at 509 and 511 to some other tenant. Plaintiffs did re-rent the premises at 511 on or about June 1, 1951, and at that time moved the equipment therein to 509. Defendants commenced an action to foreclose their chattel mortgage on or about November 10, 1950, served a notice of forfeiture of the lease on the corporation and secured a default judgment of foreclosure on or about November 24, 1950.

The sheriff took possession of the fixtures and equipment but did not proceed immediately with the sale thereof as the State of California questioned the validity of the chattel mortgage. Whereupon the defendants' attorney instructed the sheriff to hold up the sale and informed him that negotiations would be attempted with a view to making a private sale of the property. Attempts to sell the property thereafter were unsuccessful and on or about April 23, 1951, plaintiffs gave notice to the corporation and the defendants that they would remove all the personal property and would have the same stored in a warehouse at the expense of the said Dye-Trans Color Photo, Inc. and the defendants, such removal to be accomplished on May 5, 1951. Plaintiffs, however, did not immediately move the fixtures and equipment because of the re-

quest of some of the defendants who were attempting to consummate a deal for the sale of the fixtures and equipment without the necessity of moving them from the premises. Dye-Trans Color Photo, Inc. was adjudged a bankrupt on or about July 13, 1951. The trustee in bankruptcy sold the fixtures and equipment and from the proceeds received from the sale, compromised the claim of defendant chattel mortgage holders by payment to them of part of the purchase price and the assignment to them of a conditional sales contract.

Plaintiffs' complaint is for declaratory relief and to recover rental for the premises. Since all conflicting claims to the property involved were disposed of before trial, the only issue tried was as to the liability of defendants for use and occupation of the premises.

. The trial court found that plaintiffs did not receive any rental for their property from November 1, 1950, to June 1, 1951, on 511 Vista Way, the reasonable rental of which was $770 for said period, and for the period from November 1, 1950, to July 13, 1951, on 509 and 515 Vista Way, the reasonable rental value of which was $1,899.50 for said period.

Defendants appeal from the judgment against them in the sum of $2,669.50 and first contend that there was no relationship between the parties which would give rise to a liability on the part of appellants for rent for use and occupancy. This contention is without merit. The evidence supports the trial court's finding that defendant Ostrow requested that the corporate assets remain intact on the premises occupied by said corporation to facilitate the sale thereof and that said defendant agreed to pay the cost of moving the equipment in the event that plaintiffs had an opportunity to rent the premises at 509 and 511 Vista Way to some other tenant. The relationship between the plaintiffs and defendants was sufficient to support the action for use and occupation. As was said in *Richmond Wharf & Dock Co.* v. *Blake,* 181 Cal. 454, 457-458 [185 P. 184]:

"A land owner, who brings a suit for the use and occupation of his property, need only allege his ownership of the land; occupation of said land by defendant; the reasonable value of the use of the property for the period of occupation; and that such sum is unpaid."

In *Ellingson* v. *Walsh, O'Connor & Barneson,* 15 Cal.2d 673, 675 [104 P.2d 507], it is held that:

"Tenancies in property need not necessarily be created by valid leases. One may become a tenant at will or a periodic

tenant under an invalid lease, or without any lease at all, by occupancy with consent.''

And in *Ross* v. *City of Long Beach,* 24 Cal.2d 258, 263 [148 P.2d 649], where it is said:

''Furthermore, in the ordinary course of business the occupancy of premises by one person with the consent of the owner creates the relation of landlord and tenant, and in the absence of an understanding to the contrary, implies an agreement on the part of the tenant to pay a reasonable rent for such occupation. (32 Am.Jur. p. 349.) It is presumed that in business transactions between individuals the ordinary course of business has been followed. (Code Civ. Proc., § 1963, subd. 20.)''

Defendants argue in this connection that they never occupied plaintiffs' premises and never acquired ownership or title to the equipment involved so that at no time was there ever any relationship which would make defendants responsible for the use and occupancy of plaintiffs' property. However, defendants had the right to the possession of the property upon default under the chattel mortgage had they chosen to exercise it. The evidence is that the corporation in fact abandoned said equipment and allowed it to remain on the premises. Thereafter defendants carried on negotiations in an attempt to dispose of the property in place in order to obtain a better price for it.

It is argued that if there was any such relationship which could give rise to a liability on the part of appellants for rent for use and occupancy, it could not have arisen until the time that the holding of the appellants became adverse to that of respondents, which would not have been until April 23, 1951, on which date respondents first gave appellants notice requiring removal of all personal property upon the premises belonging to the corporation and appellants. This argument is likewise without merit. ''An action will lie for recovery of the reasonable value of the use and occupation of real property irrespective of the question of whether or not the use thereof by the occupant was tortious or wrongful. In such a case the tort, if any, may be waived and an action based upon implied assumpsit is maintainable to recover the value of the use of the real property for the time of such occupation, where no special damages are sought.'' (*Herond* v. *Bonsall,* 60 Cal.App.2d 152, 155 [140 P.2d 121].) The fact that plaintiffs served notice on defendants to remove the

property would not destroy plaintiffs' right to recover reasonable rental therefor during the time the premises were used by defendants, at their request, to house the fixtures and equipment.

It is next contended that there is no evidence to support any finding as to the reasonable value of the use and occupancy. The record shows the agreed rental charged for the premises while occupied by the color photo corporation, and while the rental charged the corporation is not conclusive as to the reasonableness thereof, it is sufficient evidence under the facts of this case to support the finding of the trial court.

Finally, it is argued that the court erred in denying defendants' motion for a new trial on the ground of newly discovered evidence. The evidence relied on in this case was that plaintiff filed a claim in the bankruptcy of Dye-Trans Color Photo, Inc. in which they asserted that the color photo corporation was indebted to plaintiffs for rent up to June 1, 1951. An order granting a new trial on the ground of newly discovered evidence is a matter largely in the discretion of the trial court and will not be disturbed unless an abuse of discretion clearly appears. Such evidence must not be merely cumulative and must be sufficient to indicate that a different result is probable. (*Celli* v. *French,* 107 Cal.App.2d 599, 602 [237 P.2d 536].) It does not appear that the admission of the newly discovered evidence would have resulted in a different judgment by the trial court and no abuse of discretion appears.

The attempted appeal from the order denying the motion for a new trial is dismissed. (*Chichester* v. *Seymour,* 28 Cal. App.2d 696, 698 [83 P.2d 301].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.