[Civ. No. 21302. Second Dist., Div. One. May 28, 1956.]

WILFRED RICHARD et al., Appellants, v. LOYD MEAD
et al., Respondents.

Wallace & Wallace for Appellants.

Wallace E. Wolfe and Percy V. Hammon for Respondents.

FOURT, J.—This is an appeal from a judgment entered
in favor of the defendants and cross-complainants Loyd and
Maren Mead against plaintiffs and cross-defendants in the
sum of $431.73 and costs.

The action was instituted after a dispute arose with respect to the boundaries of two adjacent lots of Tract 15282 in the county of Los Angeles, one of which is owned by plaintiffs and the other by defendants Loyd and Maren Mead.

Lot 9 of said tract was purchased by plaintiffs in 1949. The Meads purchased the adjoining Lot 8 in 1953, and shortly thereafter caused a survey to be made of their property at which time it was discovered that the plaintiffs were encroaching on a triangular shaped portion of Lot 8. The triangular shaped parcel might be described substantially as follows: Beginning at the southeast corner of Lot 9, which said point is also the southwest corner of Lot 8, thence northerly 110 feet along the boundary line between Lots 8 and 9, thence easterly 32 feet along the northerly boundary line of Lot 8, thence southwesterly about 110 feet to a point on the south line of Lot 8, about 3 feet east of the point of beginning, thence along the southerly boundary of Lot 8 to the point of beginning.

Following their purchase of Lot 9 in 1949, plaintiffs erected on the triangular shaped portion of Lot 8 a fence and placed certain improvements thereon consisting, among other things, of shrubs, a sprinkling system, a brick border and lawn. Plaintiffs remained in undisputed and undisturbed possession of the area in question from 1949 to 1953. Other persons, not parties to this appeal, owned Lot 8 at the time such improvements were placed thereon. Plaintiffs claimed ownership of the triangular shaped parcel in question as a part of Lot 9.

On July 28, 1953, the Meads wrote plaintiffs, informing them that they were encroaching on their property and notifying them to remove the encroachments within thirty days and that they would be charged rent if they failed to do so.

Plaintiffs thereafter filed this action in which the Meads filed a cross-complaint for declaratory relief, trespass, ejectment, quiet title and for damages. Subsequently a request for entry of a partial dismissal and stipulation prepared by the attorneys for the plaintiffs was filed and entered. By the stipulation the plaintiffs dismissed with prejudice their complaint against the defendants Loyd and Maren Mead, and acknowledged the true boundary line between the lots as indicated on a survey made on behalf of the Meads; it further provided that within 10 days from the date of the stipulation, plaintiffs would remove the fence posts, the

sprinkling system and a brick wall which extended in a general north-south direction on Lot 8; that plaintiffs made no claim to any right, title or interest in or to Lot 8; that the issues of damages in the cross-complaint of defendants Loyd and Maren Mead should go off calendar to be reset and not to be effected by the stipulation, and that plaintiffs would sign the necessary documents to waive any claim they might have in and to Lot 8.

Following a trial on the cross-complaint, solely on the question of damages, judgment was rendered in favor of the cross-complainants in the sum of $431.73, plus costs and plaintiffs have appealed.

Appellants contend that they believed the area in question belonged to them and therefore there was no wrongful occupancy of the disputed property by them. They argue that their occupancy was under a claim of right—that they relied upon what the seller of Lot 9 told them as to the boundaries of the property and that up to the time that the respondents had the property surveyed everybody who had anything to do with either Lot 8 or Lot 9 believed, in good faith, that the triangular shaped parcel in question belonged to the plaintiffs. However, after the surveys were made which definitely established the boundaries, plaintiffs continued to claim title to the disputed area. Any claim to the property in question following such surveys was obviously without any right whatsoever, unfounded and without merit. It follows, therefore, that any occupancy under such conditions was wrongful. In any event, as it was stated in *Herond* v. *Bonsall*, 60 Cal.App.2d 152, 155-156 [140 P.2d 121]: "An action will lie for recovery of the reasonable value of the use and occupation of real property irrespective of the question of whether or not the use thereof by the occupant was tortious or wrongful. In such a case the tort, if any, may be waived and an action based upon implied assumpsit is maintainable to recover the value of the use of the real property for the time of such occupation, where no special damages are sought. A landowner instituting such a suit need only allege his ownership of the land, occupation of such land by the defendant, the reasonable value of the use of the property for the period of occupation, and that such sum is unpaid (citing cases). For a continuing trespass, section 3334 of the Civil Code prescribes the measure of damage."

Appellants further contend that title was not established prior to the stipulation and therefore damages could

only be asserted from the date of the stipulation, and it was admitted by the respondents that appellants removed from the disputed area within the time prescribed by the stipulation. A complete answer to any such contention is that while the title to the disputed area was not established judicially prior to the filing of the stipulation, yet title to the area was in the respondents from and after the recordation of their deed. In the stipulation the appellants simply admitted that the line claimed by the respondents was the correct line. The stipulation was not a compromise of any claim of the boundary lines.

Appellants contend that the damages were erroneously assessed, and in this connection claim that the expert witness called by respondents did not and could not qualify as an expert in real estate values. The qualification of a person to testify as an expert witness is a matter largely within the discretion of the trial court and its determination, in the absence of a clear abuse, will not be disturbed by an appellate court. (*People* v. *Haeussler*, 41 Cal.2d 252, 261 [260 P.2d 8]; *Pfingsten* v. *Westenhaver*, 39 Cal.2d 12, 20 [244 P.2d 395].) No such abuse was shown or demonstrated in this case. From the evidence which was introduced the damages could have been considerably higher than the court allowed.

Appellants next contend that there were errors in the admission of certain testimony. We have carefully examined the record and find no prejudicial error. The findings in each instance are supported by substantial evidence.

In our opinion the evidence supports the findings and the findings support the judgment.

Judgment affirmed.

White, P. J., and Doran, J., concurred.