[Civ. No. 20553. First Dist., Div. Three. Aug. 9, 1963.]

PAUL M. FITZGERALD, a Minor, etc., et al., Plaintiffs and Respondents, v. ORVILLE O. FISHBURN, Defendant and Appellant.

154

Ricksen, Snook & Vendt, Carl R. Vendt, Richard G. Logan and Rupert H. Ricksen for Defendant and Appellant.

Francis T. Cornish and J. Adrian Palmquist for Plaintiffs and Respondents.

DRAPER, P. J.—Plaintiff minor and his father sought damages for injuries suffered by the son in the collision of his bicycle and defendant's pickup truck. Verdict was for defendant. Plaintiffs' motion for new trial was granted on the ground of newly discovered evidence (Code Civ. Proc., § 657, subd. 4). Defendant appeals.

The accident occurred between 6:45 and 7 p.m., October 15, 1959, at an unlighted intersection. There was sharply conflicting testimony as to the degree of visibility, some witnesses testifying that it was dark, and others that it was but dusk, with good visibility up to 100 yards. Sunset had occurred at 5:31 p.m. Defendant drove east on Geary Road and turned left into Putnam Drive, entering it with his truck wholly on the left side of the street. The minor, pedalling west on Geary Road, was in the crosswalk, about three-fourths of the way across Putnam, when the truck struck him. The lights of the pickup truck were on. The bicycle bore no light. Defendant did not see the boy until impact.

The affidavit supporting motion for new trial alleged that: defendant had no sight in his left eye; this fact was not known to plaintiffs or their counsel until defendant related it to plaintiff father "after the case had been submitted to the jury"; and it could not sooner have been discovered because defendant's appearance was normal.

 Newly discovered evidence warrants new trial only when a different result is probable upon retrial (*Meyer* v. *Parobek*, 119 Cal.App.2d 509, 514 [259 P.2d 948]). Defendant argues that plaintiffs cannot recover because the absence of a lamp on the bicycle violated the statute (Veh. Code, § 25652) and thus constituted contributory negligence. But even negligence per se does not bar recovery unless it is a proximate cause of the injury (*Farole* v. *Eichman*, 39 Cal. 2d 822, 824 [249 P.2d 261]). Visibility at the time and place of the accident bears strongly upon the fact issue of proximate cause in a case of this type (*id.* at p. 825), even though the

collision occurred at a time which by statute (Veh. Code, § 280) is defined as "darkness" (*Hart* v. *Farris*, 218 Cal. 69, 73 [21 P.2d 432]). The jury may have considered that defendant's failure to see the minor was some evidence of deep darkness. We cannot say that this view would be undisturbed by evidence that the driver who was turning to his left was blind in his left eye. The probability of a different result on the strongly conflicting evidence here is essentially a question for the trial judge.

Movant's affidavit must show due diligence to discover the new evidence before trial (*Fomco, Inc.* v. *Joe Maggio, Inc.*, 55 Cal.2d 162, 165 [10 Cal.Rptr. 462, 358 P.2d 918]), and the claim of newly discovered evidence is viewed by the courts with "distrust and disfavor" (*Akopiantz* v. *Board of Medical Examiners*, 190 Cal.App.2d 81, 93 [11 Cal. Rptr. 810]). But "that attitude operates in the trial courts," and an appellate court will interfere only if "it appears that the trial court has abused its discretion to the point that the granting of a new trial amounts to a miscarriage of justice" (*Redwood Turkey Hatchery, Inc.* v. *Meadowbrook Farms,* 152 Cal.App.2d 481, 485 [313 P.2d 146]).

Defendant relies upon one decision (*Slemons* v. *Paterson,* 14 Cal.2d 612 [96 P.2d 125]) to show lack of due diligence here. But that action was for a deficiency judgment after sale under a deed of trust. The determinative issue was the statute of limitations. Plaintiffs were granted new trial on their claim that they had discovered, after judgment, that defendants had been out of the state for periods sufficient to bar the running of the statute. Plaintiffs' trial counsel had advised them that the statute ran only from the due date fixed by the note, in which case the suit was timely, rather than from the accelerated maturity date. After trial, they substituted new counsel, who for the first time directed inquiry into the possible tolling of the statute. The evidence was readily available at all times, and was undiscovered only because of the legal theory adopted by trial counsel. The order granting new trial was reversed.

Our case differs materially. Here no error of law induced inaction. Whether due diligence was exercised here is a question of fact. The trial judge observed defendant and his actions. He is in a far better position than we to weigh the accuracy of plaintiffs' assertion that they "had no reason to even suspect" defendant's partial blindness. We cannot say that his determination amounted to an abuse of discre-

tion. (*Heintz* v. *Cooper*, 104 Cal. 668 [38 P. 511]; *Teixeira* v. *Domingos*, 151 Cal.App.2d 380, 385-386 [311 P.2d 634]).

Defendant construes the affidavit for new trial as alleging that the defect of vision was discovered by plaintiff "while the jury was deliberating." We find no California authority supporting defendant's view that due diligence requires an attempt to reopen the case when new evidence is discovered before verdict but after argument, instructions, and some period of jury deliberation. Nor do we reach that question here, for defendant's major premise is not established. The affidavit was made by plaintiffs' attorney. It avers that discovery of the eye condition resulted from defendant's "relating said circumstance" to plaintiff father "after the case had been submitted to the jury," but also alleges that affiant discovered the fact "since the trial." These allegations do not compel the inference that the disclosure was made before verdict. Defendant filed no affidavit seeking to pinpoint the time of disclosure. We have no record of the argument on motion for new trial, and the record we do have discloses nothing to require us to hold that, as a matter of law, the trial court's finding of diligence was erroneous.

Order affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied September 5, 1963, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1963.