[Sac. No. 283. Department Two.—December 14, 1897.]

E. C. LYLES, Respondent, v. E. B. PERRIN, Appellant.

PURCHASE OF LAND AND WATER RIGHT—IMPROPER TRANSFER AND CANCELLATION OF WATER RIGHT BY VENDOR—ACTION FOR DAMAGES—INSTRUCTIONS AS TO PUNITIVE DAMAGES.—In an action for damages for the improper transfer and cancellation of a water right by the defendant, after plaintiff had purchased from defendant a tract of land with such water right appurtenant thereto, and had received a deed therefor, but prior to its recordation, where the complaint avers that the acts of the defendant were done "willfully, without any right whatever, from wanton motives, and without plaintiff's consent and knowledge, and under circumstances of great hardship and oppression to plaintiff," and the answer averred that they occurred inadvertently and without any intent to oppress plaintiff or maliciously injure him, and the evidence was conflicting as to the actual damage suffered, the question whether or not plaintiff was entitled to punitive damages is material; and where the court instructed the jury that "in any action for the breach of an obligation not arising upon contract, where the defendant has been guilty of oppression,

fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant," the defendant is also entitled to have the jury fairly instructed as to the general principle of law governing the matter of punitive damages, upon his theory of the case, and though not entitled to an instruction that there was no evidence which would warrant any punitive damages, nor to any instructions containing too narrow a statement of the principle upon which punitive damages may be given, he is entitled to have the jury instructed that "a tort committed by mistake, in the assertion of a supposed right, or without any actual wrong or intention, and without any such recklessness or negligence as evinces malice or conscious disregard of the rights of others, will not warrant the giving of punitive damages," and a refusal to give such instruction is ground for reversal.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

M. K. Harris, for Appellant.

Harris & Hubbard, for Respondent.

McFARLAND, J.—This is an action for damages; the jury returned a verdict in the sum of fifteen hundred dollars, for which amount judgment was entered in favor of plaintiff; and from the judgment and order denying a new trial the defendant appeals.

Plaintiff purchased a tract of land from defendant, together with a certain water right appurtenant thereto; and it is averred in the complaint that afterward, and before the deed was recorded, which defendant made to plaintiff of the land and water right, the defendant sold and granted away said water right, and had it canceled and severed from the land; and damages are asked for these acts. It is averred that the defendant did "cause the water right on said lands to be canceled, and did sell and convey the same away from plaintiff, to his great damage"; and that this was done "willfully, without any right whatsoever, from wanton motives, with reckless disregard to the rights of plaintiff and without plaintiff's consent and knowledge, and under circumstances of great hardship and oppression to plaintiff." It

was averred and contended by defendant that the granting and cancellation of the water right occurred inadvertently and without any intent to oppress plaintiff or maliciously injure him. The evidence as to the actual damage suffered by plaintiff on account of the said acts of defendant was conflicting; and the question whether or not he was entitled to punitive damages was therefore material. The court recognized the materiality of this question by giving of its own motion instruction number 5, which is as follows: "In any action for the breach of an obligation not arising upon contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant"; and this was the only instruction given by the court upon the subject of punitive damages. The defendant, however, asked some instructions upon this subject, which were refused. Instruction 15, asked by the defendant, by which the court was requested to instruct the jury substantially that there was no evidence in the case which would warrant any punitive damage, was properly refused. We think that defendant's instruction number 24 was also properly refused. There were also some other instructions upon this subject asked by defendant which were properly refused, because they contained too narrow a statement of the principle upon which punitive damages may be given. But instruction number 28, asked by defendant, was a correct statement of the law upon the subject; and under the circumstances of this case defendant was entitled to have it given. It is as follows: "A tort committed by mistake in the assertion of a supposed right or without any actual wrong intention, and without such recklessness or negligence as evinces malice or conscious disregard of the rights of others, will not warrant the giving of punitive damages." The averments of the complaint, and the one instruction given by the court of its own motion above quoted upon this subject of punitive damages, presented that subject to the jury, and the defendant was entitled to have the jury fairly instructed as to the general principle of the law which governs the matter of punitive damages. For this reason the judgment must be reversed.

Judgment and order denying motion for a new trial are reversed, and cause remanded.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.