[Civ. No. 7110. First Appellate District, Division Two.—January 16, 1930.]

HENRY BERNING et al., Respondents, v. COLODNY & COLODNY (a Copartnership) et al., Appellants.

Tanner, Odell & Taft for Appellants.

Charles G. Young and Charles P. Johnson for Respondents.

BURROUGHS, J., *pro tem.*—The plaintiffs brought this action to recover damages for deceit alleged to have been practiced upon them by the defendants in the matter of an executory contract for the sale of land. The court awarded the plaintiffs the sum of $200 compensatory damages and $500 exemplary damages and judgment was thereupon entered in favor of the plaintiffs in the sum of $700. In due time the defendants made a motion under the provisions of section 663 of the Code of Civil Procedure to vacate said judgment, amend the conclusions of law on the ground that

they were not consistent with nor supported by the findings of fact, and, as amended, to enter a judgment in favor of the defendants. The court granted the motion to set aside the judgment, amended its conclusions of law by giving defendants a credit of $300 due them on the purchase price of the land and entered a judgment in favor of the plaintiffs in the sum of $400. The defendants appeal therefrom.

█ It is contended by appellants that in deciding a motion made in conformity with section 663, *supra,* the court's power is limited to either granting or denying the motion, that is, the court must either grant or deny the motion *in toto.* No authorities are cited in support of the claim, but, upon principle, it is clear that the court, having acquired jurisdiction to entertain and pass on the motion, may enter such order and judgment within the limits of the code section as may be just, irrespective of the prayer of the moving party.

█ It is also contended that the amendment of the conclusions of law was in reality an amendment of the findings of fact. The complaint alleges that there was still due the defendants on the contract of purchase the sum of $300. This is not denied by the answer, but notwithstanding this state of the pleadings, the court in its finding number three found the allegation to be true.

We are satisfied that neither of the points thus presented are sound.

The court awarded plaintiffs $500 exemplary damages. Appellants contend that this is an action upon contract and, therefore, will not sustain such an award. Section 3294 of the Civil Code provides: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." In 8 California Jurisprudence, section 113, page 872, it is said: " 'The rule as to damages in actions upon contract is the same whether the breach be by mistake, pure accident or inability to perform it, or whether it be willful and malicious; the motives of the party breaking the contract are not to be inquired into.' Where, however, the action is not on the contract, but is based on the fraud by which it was induced, the fact that

the contract fixes the compensation does not prevent recovery of exemplary damages.''

In *Gorman* v. *Southern Pac. Co.*, 97 Cal. 1 [33 Am. St. Rep. 157, 31 Pac. 1112], it is held that the wrongful expulsion of a passenger from a railroad train on the theory that the fare had not been paid, if accompanied by undue violence and insult, is an action in tort and exemplary damages may be awarded.

In *Lyles* v. *Perrin*, 119 Cal. 264 [51 Pac. 332], it is held that in an action for damages growing out of a wrongful transfer by the defendant of a water right, after he had sold it to plaintiff, but before the latter had recorded his deed, is not an action upon contract but a tort and in such a case, in addition to compensatory damages, punitive damages are allowable.

In 12 American and English Encyclopedia of Law, page 20, it is said: ''Where a breach of contract also amounts to a tort, there may be recovery of exemplary damages upon proper allegations.''

In *Jones et ux.* v. *Kelly*, 208 Cal. 251 [280 Pac. 942], it is held that whether a pleading is intended to state a cause of. action *ex contractu* or *ex delicto* it should be construed according to the full scope and effect rather than according to a single sentence or clause contained therein, and special consideration should be given to the prominent and leading allegations. If the cause of action arises from a breach of promise the action is *ex contractu*, but if it arises from a breach of duty growing out of the contract it is *ex delicto*, and a tort and trespass is none the less such, because it incidentally involves a breach of contract. The law imposes the obligation that every person is bound without contract to abstain from injuring the person or property of another, or infringing upon any of his rights, and this duty is independent of any contract and attaches over and above the terms thereof.

In the case last cited the defendants leased real property together with a water right, the defendants agreeing to maintain said water right. The plaintiffs entered into the possession thereof and while in possession under said lease, the defendants entered upon said property and wilfully, maliciously and malevolently destroyed the water right. It was held by the court that the acts amounted to a breach

of the contract, as well as a tort, and plaintiff was entitled to waive the breach and sue in tort.

■ From these decisions we are of the opinion that the rules applicable to this character of actions as follows: If a cause of action arises from a breach of promise the action is *ex contractu;* if it arises from a breach of duty growing out of the contract it is *ex delicto,* and a tort or trespass is none the less such because it incidentally involves a breach of contract. ■ In determining whether a pleading is intended to state a cause of action *ex contractu* or *ex delicto,* it should be construed according to its full scope and effect rather than according to a single sentence or expression contained therein, and special consideration should be given to the prominent and leading allegations.

In the light of these settled principles of law, it becomes necessary to examine the complaint in the instant case to determine the nature of the action. It alleges that the defendants are copartners; that on January 3, 1925, the said defendants with the intent of deceiving and defrauding the plaintiffs, represented to them that defendants were subdividing a certain tract of land in Los Angeles County known as Independence Acres; that defendants had developed sufficient water on said premises with which to provide all the tenants or all the owners of said tract with sufficient water to irrigate the crops raised by the plaintiffs and sufficient water with which to water all chickens or other livestock which plaintiffs desired to raise or maintain on said premises; that at said time and place with the intention of deceiving plaintiffs, the defendants fraudulently represented to them that said land would be provided with streets which would be graveled within six months from that date and in addition thereto defendants had made arrangements to supply the said tract of land and plaintiffs with electricity for light and power purposes; that lot 5 of block 9 of said tract was worth $500 and would be worth a much greater sum as soon as the streets were put in and graveled and as soon as the electricity was wired to said property; that the defendants knew at the time said representations were made that they were false, fraudulent and untrue; that they were made by them with the intention and purpose of deceiving the plaintiffs into buying said land; that believing and relying upon said false representations, the plain-

tiffs on January 3, 1925, entered into a written contract for the purchase of said lot for the sum of $500 and by virtue thereof entered into the possession of said lot on March 25, 1929, and have paid on the purchase price the sum of $200 and there is still due the defendants the balance of $300. It is further alleged that believing and relying upon said false statements and before discovering their falsity, plaintiffs expended $2,675 in the construction of a dwelling-house, garage and chicken house upon said lot and in addition thereto plaintiffs purchased chickens at a cost of $1,073 and maintained said chickens on said premises until the fifteenth day of July, 1925, at which time the plaintiffs discovered that said statements made by defendants were wholly false and fraudulent; that the defendants had not developed sufficient water for the tenants upon said premises; that the defendants had refused to furnish the plaintiffs with any water whatsoever upon the premises, and had no intention of graveling the streets or furnishing electricity for light or power, and plaintiffs were forced to sell said chickens at a loss of $373; that prior to the discovery that said representations were fraudulent, plaintiffs also expended $100 in planting crops. It is then alleged that the value of the lot is $200 and that defendants falsely asserted it to be of the value of $500. It is further alleged that if said representations had been true said lot would have been worth $500 or more. The last paragraph of the complaint alleges that the lot cost plaintiffs $200 in money; there is still due the defendants $300 on the purchase price; $2,675 expended for permanent improvement; $373 in loss on sale of chickens; $100 expended in planting crops that did not mature, a total of $3,648; that such expenditures would not have been made except for said false and fraudulent statements, and if said statements had been true the property would have been worth $4,000, but instead thereof its value was $1500 and plaintiffs were damaged in the sum of $2,500 actual damages and $5,000 exemplary damages.

The court found against the plaintiffs on some of the allegations of actual damages. One of said findings held that the lot was of the value of $500, but did find that if said false and fraudulent statements had been true, the said real estate and improvements thereon would have been worth not less than $200 more than the purchase price. The court

awarded the plaintiffs $200 compensatory damages, being the difference between the purchase price of the land and cost of the improvements and what they would have been worth if the false and fraudulent representations had been true.

We are of the opinion that this is the proper measure of the damage. (*Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011]; *Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729].)

■ We are also of the opinion that the action is based upon the deceit practiced upon the plaintiffs in inducing them to purchase the property upon the false representations as to the character of the improvements that were to be placed upon the tract of land by the defendants, and also the false representations that the land had a water right. The case falls within the rules promulgated in *Jones et ux.* v. *Kelly, supra.* Having reached the conclusion that the action is in tort, the findings are in accordance with the pleadings.

■ The contract contains the following clause: "No representations, inducement of agreements made by anyone not specifically set out herein shall be binding against the seller."

Counsel for appellants say that they do not find any decisions concerning a clause such as this, but they see no reason why full weight and effect should not be given to it. The contract in the case at bar had its inception in fraud and no doubt the clause quoted was placed there by the perpetrators of the fraud for the very purpose of preventing inquiry; furthermore, the action is not upon the contract, but upon the fraud used to induce the plaintiffs to enter into the contract. The trial court also found that the written agreement did not contain all of the representations, terms, inducements or conditions, existing between the parties when the agreement was made. ■ The evidence is not before us so that the findings must be taken as true. We believe that the point is without merit. (Secs. 1565–1568, 1708–1710, Civ. Code.)

No good cause has been shown for disturbing the judgment and it is, therefore, affirmed.

Koford, P. J., and Nourse, J., concurred.

A. petition for a rehearing of this cause was denied by the District Court of Appeal on February 14, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1930.

All the Justices concurred.