[Civ. No. 529. Fourth Appellate District.—February 29, 1932.]

ROBERT A. ELLIS et al., Respondents, v. J. LLOYD JONES et al., Defendants; V. E. STOCKWELL, Appellant.

Sloan Pitzer for Appellant.

A. P. G. Steffes and Frank T. Hennessey for Respondents.

BARNARD, P. J.—This is an action for damages for fraudulent representations in the sale of real estate. The plaintiffs exchanged certain real property owned by the defendants Jones, the defendant Stockwell acting as the agent of both parties and also acting as escrow-holder. The principal misrepresentation relied on was that the property received by the plaintiffs was being rented for $200 per

month, when in truth and in fact it was only rented for about $100 per month. While the original contract between the parties was dated December 29, 1925, the exchange appears to have been completed on February 1, 1926, as on that day plaintiffs received the deeds, certificates of title and tax receipts pertaining to the property they were receiving. This action was commenced on September 3, 1927, and was tried with a jury, resulting in a verdict for $10,000 in favor of the plaintiffs and against the defendants V. E. Stockwell, L. Lloyd Jones and Julia F. Jones. On the hearing of a motion for a new trial, the court reduced the judgment to $7,500, which reduction was assented to by the plaintiffs. From the judgment entered, the defendant Stockwell alone has appealed.

The first point raised is that the court erred in not granting a motion for a nonsuit, it being claimed that the respondents were guilty of laches and that there was a waiver of the fraud, if any. The only evidence pointed out to sustain the contention as to laches is certain testimony of the respondent Robert A. Ellis, to the effect that he discovered the misrepresentation when he "went down and collected" the rent, and that thereafter he went on collecting the rents for a year and nine months before suit was filed. This is an action at law for damages and comes within the limitation set by section 338, subdivision 4, of the Code of Civil Procedure. The mere delay in bringing an action for a time less than the period of limitation does not amount to laches unless it appears that the delay has been to the prejudice of the opposite party (*Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243]).

In reference to the claim of waiver, the appellant relies on the following receipt, which is set up in the brief, without comment and without other evidence:

"Received of V. E. Stockwell, all deeds, certificate of title, and all tax receipts and all papers pertaining to said exchange between Robert A. Ellis and J. Lloyd Jones, and I do hereby release the said V. E. Stockwell, from all obligations in every respect pertaining to said exchange, and I hereby guarantee to protect V. E. Stockwell, against any losses that he might sustain in acting as escrow agent for me in this escrow.

"(Signed)   ROBT. A. ELLIS."

It may first be observed that the claim of waiver was not pleaded, as would have been necessary in this case (sec. 437, subd. 2, Code Civ. Proc.; *Great Western Gold Co.* v. *Chambers,* 153 Cal. 307 [95 Pac. 151]; *Landis* v. *Morrissey,* 69 Cal. 86 [10 Pac. 258]). It appears that the respondents received their papers on February 1, 1926, the day this receipt was given. The only evidence called to our attention is that the respondents discovered the fraud when they went down to collect the rents. We are not told when this occurred, but it is a reasonable inference that it was some time after the deal was closed. Not only is the receipt obviously intended for other purposes than to release from any fraud in the deal, which fraud may have continued even to the obtaining of this receipt, but it could not be claimed that the receipt would have the effect of releasing something not then known to the respondents (Civ. Code, sec. 1542). Before there can be a waiver there must be full knowledge on the part of the party defrauded (*Mazuran* v. *Stefanich,* 95 Cal. App. 327 [272 Pac. 772]). The only evidence called to our attention indicates that the respondents discovered the fraud after this receipt was signed, and the fact that this receipt for papers which had been in escrow contained also a purported release ''from all obligations in every respect pertaining to said exchange'', rather tends to indicate something was then being covered up.

The appellant also sets forth a clause in the original contract to the effect that it is agreed that no representations in respect to the valuation of any leases on the land, have been made. If the making of the contract was induced by fraud, this fraud goes to the entire contract, including this provision (*Ferguson* v. *Koch,* 204 Cal. 342 [58 A. L. R. 1176, 268 Pac. 342]; *Berning* v. *Colodny,* 103 Cal. App. 188 [284 Pac. 496]). So far as appears from anything called to our attention, the motion for a nonsuit was properly denied.

A second point made is that the court erred in denying the motion for a nonsuit for the reason that the facts proved do not constitute a cause of action against the appellant. Under this point the appellant does not set forth any evidence nor refer in any way to any portion of the transcript, but contents himself with the statement that the respondents themselves testified to the effect that the appel-

lant had merely told them that Jones had told him that the property was rented for $200 per month. Although the point is not properly presented, a casual examination of the record shows that the respondent Robert A. Ellis testified that the appellant told him the property was rented for $200 per month, and while the appellant testified that he could not remember telling this to Ellis, he refused to state positively that he had not done so.

A third point raised relates to a provision in the original contract to the effect that in the event either party thereto should start a suit for rescission or for damages, the one starting such a suit agreed to pay all costs and attorney fees "for both principals and the agent", and also agreed to furnish a good and sufficient bond "that said court will accept", guaranteeing the payment of such attorney fees, court costs and any damages that might be proved. Some weeks before the trial, a motion was made asking the court to require such a bond to be put up, which motion was denied by the court, this order not being before us for review. During the trial the contention was made that this clause was inserted in the contract after the same was signed. It appears that it was in a different typewriting and the respondents testified that it was not in the contract when they signed it. The point here raised is that the court erred in refusing to give an instruction to the jury to the effect that this clause was in the contract prior to the time it was signed. While this provision of the contract is probably against public policy, as intended to discourage any suit for fraud, the refusal of the court to give the instruction was obviously correct. If the matter was material, it was for the jury to find whether the clause was inserted in the contract before signature. If the matter was material at all, there would be an implied finding of the jury that it was not so included in the contract as signed.

The next point raised is that one of the court's instructions was erroneous in that it did not give the correct rule as to the measure of damage. Authorities are cited showing the correct rule to be as follows:

"One defrauded in sale or exchange of property, is entitled to recover the difference between the actual value of what he received and the value which it would have had if the representation had been true."

There is no merit in the contention made, as the instruction referred to correctly sets forth this rule as to the measure of damage.

■ The next contention is that the respondents could not recover because ''parties must rely upon their own judgment and investigate, before making contracts''. No evidence whatever is called to our attention. When representations are made to a party who has not been afforded the means to investigate for himself, it will be presumed that he relies on these representations and that he is justified in so relying (12 Cal. Jur., p. 751, and cases cited). No evidence being called to our attention except to the effect that the misrepresentations were made and were later discovered, we must presume that no duty of investigation rested upon the respondents. However, a further fact appears, which is, that the appellant was the agent of the respondents and the rule is that the principal has a right to rely upon the truth of representations made to him by his agent (*Calmon* v. *Sarraille,* 142 Cal. 638 [76 Pac. 486]).

■ Complaint is next made of the refusal of the court to give a certain instruction. Not only are the other instructions upon this subject not set forth or referred to, but the instruction in question was erroneous in at least two particulars. It purported to instruct the jury as to the law in a case where there were no confidential relations between the parties, while it fully appears from all of the evidence, and it is freely admitted in the appellant's brief, that the appellant was the agent of the respondents. The instruction also purported to cover the matter of fraudulent concealment when that issue had been withdrawn from this case and the only issue remaining was one as to the making of fraudulent representations.

■ It is next contended that the court erred in refusing to instruct the jury that in no event could they find a judgment against the appellant. While some argument is made, no evidence is called to our attention by quotation or reference, although the appellant sets out his own version of a portion of the evidence. An examination of the transcript shows that this version is not correct and that there was positive evidence to the contrary. The contention here urged is fully disposed of by our discussion of the second point raised.

It is next objected that there was no evidence justifying a judgment in the sum of $7,500. Again no evidence is set forth or referred to in the transcript. However, the transcript contains evidence showing a difference between the rent received and the rent supposed to be received, of $100 per month. If the proper evidence was in the record showing the difference between the value of the property as it was and the value it would have had if it had been as represented, which difference in value is indicated, such evidence would be sufficient to justify the amount of the judgment, or a larger sum. In the absence of any showing whatever as to what the evidence is, we must assume that the evidence supports the judgment.

The appellant complains of two statements made by the court during the trial, which it is claimed must have influenced the jury. One of these was in favor of the defendant Broomhall. This was neither prejudicial to the appellant nor can he complain thereof. As to the other statement, the court instructed the jury to disregard it and it was not prejudicial anyway.

Two other points are raised which need not be further considered because of the manner in which they are presented, because of the subject matter thereof and because so far as at all material, they have already been covered.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.