BISHOP, J.
 

 —In the judgment from which the plaintiff has appealed it is recited that a motion to dismiss for lack of jurisdiction had been granted. We are of the opinion that it was error for the trial court to enter a judgment of dismissal for lack of jurisdiction, for it not only had jurisdiction but there was in the premises no operative limitation upon its right to exercise its jurisdiction, as it appeared to be a proper court for the trial of the case.
 

 In general, the complaint is one for the balance of $126 overdue plaintiff's assignor for medical services. Specifically, it contains four causes of action: the first, one relying on an open book account; the second, alleging an indebtedness for services rendered at the special instance and request of the defendants; the third, setting up an account stated; while the fourth alleged that the indebtedness was upon an open, mutual and current account. No contention is or may be made that, when tested for jurisdictional purposes, the action is other than an action at law for $126, the four causes of action being but different methods of presenting the one claim of $126.
 

 In order to understand the issues on this appeal, these simple facts must be known. In the complaint it was alleged “that the defendants herein are residents of the City of Los Angeles, County of Los Angeles”. This allegation, as were all others, was denied, and on the trial it was made to appear that the respondents (defendants below) did not reside in the city of Los Angeles, but did reside in the city of Glendale, Los Angeles County. The complaint also contained such allegations as these: “That within four years last past . . . in the City of Los Angeles, County of Los Angeles, State of California, the defendants herein became and were indebted to plaintiff’s assignor in the sum of $126.00, upon an open book account” and again “That within four years last past ... in the City of Los Angeles, County of Los Angeles, State of California, an account was stated between
 

 
 *Supp. 775
 
 plaintiff’s assignor and the defendants herein ...” Like statements of place were made in the other counts. The effect of these allegations, used in the common counts, was to declare that the obligations sued upon were contracted to be performed in Los Angeles City. While the trial did not progress to a judgment on the merits, there was nothing developed, so far as it did go, at variance with the theory of the complaint that the obligations were contracted to be performed in Los Angeles City. Evidence was presented that the agreement for the medical services was orally made in Los Angeles City; the services were performed there; plaintiff's assignor had his office there. In the absence of a special agreement as to the place where a contract is to be performed, it is to be deemed performable at the creditor’s place of business,
 
 Bank of Yolo
 
 v.
 
 Sperry Flour Co.,
 
 (1903) 141 Cal. 314 [74 Pac. 855, 65 L. R. A. 90] (applying secs. 1488 and 1489, Civ. Code);
 
 Kaupke
 
 v.
 
 Lemoore etc. Co.,
 
 (1935) 7 Cal. App. (2d) 362 [46 Pac. (2d) 204], or, in the absence of a contrary showing, a contract is to be deemed performable where it is made.
 
 (Fitzhugh
 
 v.
 
 University Realty Co.,
 
 (1920) 46 Cal. App. 198, 201 [188 Pac. 1023] ;
 
 Southwestern Portland Cement Co.
 
 v.
 
 Cochrane,
 
 (1931) 114 Cal. App. (Supp.) 778, 781 [300 Pac. 445].)
 

 If we understand aright respondents’ defense of the judgment of dismissal, it is that when it developed as a fact at the trial that the defendants lived in the city of Glendale, and not, as alleged in the complaint, in the city of Los Angeles, the jurisdiction of the trial court which had appeared to exist was proved to be nonexistent, with the result that no choice remained but to dismiss the action. It may be that this position, which we shall see is quite untenable, was not that taken by the trial judge, but that he believed, when the fact appeared, that the defendants resided in Glendale, that he was either authorized or compelled to dismiss the action by virtue of those provisions, hereafter quoted, of section 396a, Code of Civil Procedure.
 

 To evaluate properly either respondents’ position or the only other position we can think of as being taken in support of the judgment, several sections of the Code of Civil Procedure should be freshly in mind. Since the legislature, in 1933, at the inspiration of the. California Code Commission, revised these sections, they make that which respondents’
 
 *Supp. 776
 
 argument fails to note, a clean-cut distinction between questions of jurisdiction of subject-matter and those involving the place of trial. No innovation was made by the 1933 revision in the classification of our trial courts; those of general interest remain as formerly: a superior court in each county of the state (sec. 6, art. VI, Const.); a municipal court in each city with over forty thousand population that establishes such a court (see. 85, Code Civ. Proc.) ; and justices’ courts of class A, in cities, towns and judicial townships having a population of 30,000 or more, and in those with less than that population, justices’ courts of class B (sec. 81, Code Civ. Proc.). “In so far as the jurisdiction of municipal and justices ’ courts is the same, such jurisdiction is concurrent, ’ ’ is the provision of section 83, Code of Civil Procedure. It follows that each municipal court of the state, each justice’s court of class A and each justice’s court of class B, would have had jurisdiction to try the action under review, for the jurisdiction of those several courts, with respect to actions at law, is made dependent on the demand, exclusive of interest (or the value of property in question), being, respectively, two thousand dollars or less (see. 89, Code Civ. Proc.), one thousand dollars or less and three hundred dollars or less (see. 112, Code Civ. Proc.).
 

 In saying that each of these courts would have had “jurisdiction” to try this case, we are using the word “jurisdiction” in the sense in which we understand these sections of the code to use it. These sections are concerned with questions of jurisdiction and not with the question: Which, of the courts having jurisdiction, is the proper court for the trial of the action
 
 1
 
 The answer to this last question we look for in part II, title IV of the Code of Civil Procedure, which has the heading: “Place of Trial of Civil Actions.” There, in section 395, subdivision 1, we find: “When a defendant has contracted to perform an obligation in a particular county, and the demand, exclusive of interest, does not exceed three hundred dollars, either the county where such obligation is to be performed, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.” Then later we find (in the
 
 *Supp. 777
 
 same section, subdivision 2) : “ The proper court for the trial of any such action, in the county hereinabove designated as the proper county, shall be determined as follows: If there is a municipal or justice’s court, having jurisdiction of the subject-matter of the action, established in the city, city and county, town or judicial township, in which the defendant, or any defendant, so resides, ... or, in the cases hereinabove mentioned, in which the obligation was contracted to be performed, such court is a proper court for the trial of such action.” From these provisions it is plain, and as to this respondent raises no question, that Los Angeles County was the proper county for the trial of this action. It is also clear that if the defendants resided in Los Angeles City and also that was the city in which the obligation was contracted to be performed, then the trial court was the proper court to try the action. If, however, as was made to appear at the trial, the defendants lived in the cit}’- of Glendale, but the obligation was contracted to be performed in Los Angeles City, then either the justice’s court of Glendale township or the trial court was a proper court for the trial of the case.
 

 So far, it appears that under any theory of the ease, that presented by the complaint or that revealed by the evidence, the trial court had jurisdiction of the action. In passing we may note that whatever the rule may have been, it is now required that an action pending in a court without jurisdiction of the subject-matter be not dismissed, but be transferred to a proper court having jurisdiction. (Sec. 396, Code Civ. Proc.) It also appears that whether tested by the complaint or the facts thus far adduced, the trial court was at least one of the proper courts for the trial of the action. But were it true that the trial court was not the proper court, the remedy for that condition would not be a dismissal of the action. Section 396b, Code of Civil Procedure, expressly provides that “if an action or proceeding is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk, or with the justice if there be no clerk, an affidavit of merits and notice of
 
 *Supp. 778
 
 motion for an order transferring the action or proceeding to the proper court”.
 

 An exception is made to the provision just quoted; it is: “Except as otherwise provided in section 396a” (Code Civ. Proc.). It is because of this that we have suggested that possibly the trial court was of the opinion that the provisions of section 396a warranted his judgment of dismissal. In part that section reads: “In all actions and proceedings within the subject-matter jurisdiction of justices’ courts of class B, whether commenced in a justice’s or municipal court, plaintiff must state facts in the complaint, verified by his oath, or the oath of his attorney, or in an affidavit of the plaintiff or of his attorney filed with the complaint, from which it can be determined which court is, under the provisions of this title, the proper court for the trial of such action or proceeding. When such affidavit is filed with the complaint, a copy thereof must be served with the summons. Except as herein provided, if such complaint or affidavit be not so filed, no further proceedings shall be had in the action or proceeding, except to dismiss the same, unless defendant consents, in the manner hereinafter provided, to the keeping of the action or proceeding in the court where commenced. ’ ’ Later, in the second paragraph of the same section, we find: “When it appears from such complaint or affidavit of the plaintiff that the court in which such action or proceeding is commenced is a proper court for the trial thereof, all proper proceedings may be had, and the action or proceeding may be tried therein.”
 

 In the case under review the complaint was verified by the plaintiff; in it was a statement that the defendants resided in Los Angeles City. These facts, standing alone, bring the case within the second paragraph of the section, just quoted, for they reveal the trial court as a proper court for the trial thereof, although not necessarily the only proper court, and hence “all proper proceedings may be had, and the action or proceeding may be tried therein”. But this is not all. As already noted, the complaint stated facts, or perhaps we should say, in view of the use of the common counts, employed a formula, from which it appeared that the obligations were contracted to be performed in Los Angeles City. From the complaint, therefore, it would be determined that the trial court was the only proper court for the trial of the action.
 

 
 *Supp. 779
 
 The fact, developed at the trial, that the allegation of the complaint was incorrect which stated that the defendants resided in the city of Los Angeles, for in truth they resided in the city of Glendale, did not authorize the dismissal, even should we disregard all other allegations and facts. Section 396a, Code of Civil Procedure, contemplates just such a possibility, for it provides further in the second paragraph, from which we have already quoted: “provided, however, that in such case a motion for a transfer of the action or proceeding may be made as in other cases, within the time, upon the grounds, and in the manner provided in this title, and if upon such motion it appears that such action or proceeding is not pending in the proper court, or should for other cause be transferred, the same shall be ordered transferred as provided in this title.” Respondent’s remedy, if he desired to have the action transferred to the Glendale justice’s court or to any other court, was to make a motion for a transfer. This he did not do; instead he moved for a dismissal. There was no theory on which the court was justified in entering a judgment of dismissal.
 

 The judgment of dismissal is reversed; appellant to recover his costs of appeal.
 

 Shaw, P. J., and Schauer, J., concurred.