[Civ. Nos. 3176, 3177.   Fourth Dist.   Apr. 11, 1945.]

J. Y. PETERSON, Respondent, v. BRYCE SHERMAN, Appellant.

[Two Cases.]

Russell & Heid for Appellant.

Sidney J. W. Sharp, M. Wingrove and Herbert M. Braden for Respondent.

GRIFFIN, J.—These two companion cases were filed by plaintiff and respondent in the Superior Court of Kings County against defendant and appellant. Both appeals are from orders denying motions for change of venue. They involve the same question and are submitted on one set of briefs.

Case No. 3177 seeks the recovery of money due as a result of a partnership accounting. The complaint alleges generally that in January, 1938, plaintiff, defendant and one Robinson, at and in the County of Kings, State of California, by an agreement in writing, entered into and formed a joint adventure for the purpose of farming certain lands in Kings County; that pursuant to the agreement, a crop of sugar beets was planted but that prior to its maturity the lands were inundated by flood waters and the crop was lost; that following such loss in 1938, it was agreed between the parties that the term of the joint adventure should be indefinitely extended in order that they might recoup the losses suffered; that crops were raised and an accounting was had between them; that $868 was paid to defendant by plaintiff as a final settlement; that plaintiff, as well as defendant, believed that the accounting was accurate and was in full, but that it was subsequently discovered, due to erroneous bookkeeping, that certain expenses had not been included in the accounting; that by such mistake defendant had been paid $640.23 in excess of the correct amount; that plaintiff demanded the return of this amount and that defendant refused to pay it; that the obligation sued upon was contracted to be performed in and was made payable to plaintiff in Kings County. Plaintiff prayed judgment for the $640.23 erroneously paid.

Case No. 3176 is an action to recover the possession of certain farm machinery or its value and for damages by way of rental for its use during the period of its wrongful detention. In the complaint it is alleged that on December 13, 1938, plaintiff rented to defendant the machinery pursuant to the terms of a written contract attached to the complaint. This contract reads in part as follows:

"Corcoran, California
"December 13, 1938.

"It is understood and agreed between J. Y. Peterson and Bryce Sherman that J. Y. Peterson is renting the following equipment to Bryce Sherman (certain farming equipment)

for the sum of $400.00 to cover 1939 cropping year, due and payable on or before December 31, 1939.

"It is further understood and agreed that in the event J. Y. Peterson desires to sell Sherman the above equipment on or before December 31, 1939, the selling price shall be $1,530.00, one-half payable on or before December 31, 1939, the balance to be paid on or before December 31, 1940, with interest at 6% from this date.

"In event of purchase, any rental paid or to be paid by Sherman shall be credited by J. Y. Peterson on payment due on December 31, 1939, and shall be credited as a part of the $1,530.00.

"J. Y. Peterson
"Bryce Sherman."

Defendant paid the rental for the year ending December 31, 1939. It is alleged that by mutual consent the agreement was renewed and extended to cover the year 1940, and that on January 27, 1941, defendant paid the 1940 rental; that no further agreement or arrangements were made for the sale of the equipment; that plaintiff demanded possession of it and that defendant refused. It is then alleged that defendant refused to compensate plaintiff for its use since January 1, 1941. It is then specifically alleged that "said agreement was made and entered into and defendant contracted to perform his obligations thereunder, and such obligations were to be performed, in the County of Kings, State of California." The prayer alleges the value of the property to be $1,000 and seeks recovery of its possession or its value and claims $800 damages for its wrongful detention.

In each case defendant appeared and moved to transfer the cases to Tulare County on the ground that defendant was, at the time of and since the commencement of the action, on August 1, 1944, and now is, a resident of Tulare County. These motions were submitted with defendant's affidavit of residence and of merit. No counteraffidavit was filed. The motions were denied.

Defendant appealed from the orders and contends that they were erroneous for the reason that the right of a defendant to have an action brought against him tried in the county in which he has his residence, is an ancient and valuable right; that the right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is

exceptional and, if the plaintiff would claim such right, he must bring himself within the terms of the exception; that the contracts or agreements referred to in the complaints are only incidental to the causes of action therein set forth and that therefore that portion of section 395 of the Code of Civil Procedure relied on by plaintiff has no application. (Citing *Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209]; *Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 [274 P. 977]; and *McCarthy* v. *Mt. Tecarte Land & Water Co.*, 111 Cal. 328 [43 P. 956].)

It is argued that action No. 3176 is for the conversion of farm machinery allegedly rented by written agreement but that there is nothing in the contract relating to the return of the equipment nor is there any obligation of any character either to pay the value thereof or otherwise; that in case No. 3177 it is alleged that the parties entered into a joint adventure and that the suit is one to have an accounting of the business transacted; that since no copy of the contract pertaining to the joint adventure is set out in the complaint, it is the right of the defendant to have the case tried in the county of his residence.

Section 395 of the Code of Civil Procedure provides that when a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.

It has been repeatedly held that in the absence of a special agreement as to the place where a contract is to be performed, it is to be deemed performable at the creditor's place of business, or in the absence of a contrary showing, a contract is to be deemed performable where it is made. (*Roos* v. *Jansen*, 30 Cal.App.2d Supp. 773 [78 P.2d 476].) The complaint in the present action (No. 3176) is to recover the possession of personal property, sometimes designated claim and delivery, and sets forth the agreement under which the machinery was rented, alleges its renewal, and its breach by defendant.

The question here presented is whether or not these two

actions were "founded" on an "obligation" contracted to be performed in, or which in fact was entered into in Kings County. If so, either that county or the county in which the defendant resides is a proper place of trial. The instant action (No. 3176) was not predicated upon a claimed conversion, as contended by defendant. ■ The distinction between an action for the possession of personal property and one to recover damages for its wrongful conversion is just as broad as that between the common-law actions of detinue and trover. One lies for the recovery of the property itself, with damages for the wrongful detention of it; the other for the recovery of damages for the wrongful conversion of it. (*Richards* v. *Morey,* 133 Cal. 437 [65 P. 886]; 5 Cal.Jur. § 2, p. 158.)

■ In seeking a determination whether an action is one in contract or in tort, the general rule is that the character of the action is to be determined by the nature of the grievance rather than by the form of pleading and when it is not clear to which class the action belongs, it will ordinarily be construed in contract rather than in tort. (*Nathan* v. *Locke,* 108 Cal.App. 158 [287 P. 550, 291 P. 286]; *Kings Laboratories* v. *Yucaipa Val. F. Co.,* 18 Cal.App.2d 47 [62 P.2d 1054]; *Rushing* v. *Pickwick Stages System,* 113 Cal.App. 240 [298 P. 150].) ■ It has been well established in this state that if the cause of action arises from a breach of a promise set forth in the contract, the action is ex contractu but if it arises from a breach of duty growing out of the contract it is ex delicto. (*Jones* v. *Kelly,* 208 Cal. 251 [280 P. 942]; *Berning* v. *Colodny & Colodny,* 103 Cal.App. 188 [284 P. 496].) ■ The pleadings in both cases allege that the agreements were made and entered into and that the obligations thereunder were to be performed in Kings County. The court must accept as true the material allegations of the complaints. (*Coley* v. *Hecker,* 206 Cal. 22 [272 P. 1045]; *Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557].) ■ The merits of a motion for a change of venue are determined upon the pleadings as they stand at the time of hearing the motion. (*Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 P. 209].) ■ The complaint in the accounting case (No. 3177) does not set forth the written agreement referred to but alleges its contents and that it was made and entered into and was to be performed in Kings County. Assuming the truth of the allegations of the complaint, plaintiff has brought himself strictly within the provisions of section 395 of the

Code of Civil Procedure. Therefore, under the pleadings, Kings County is a proper county for the trial of that action.

In the so-called claim and delivery action (No. 3176) a copy of the written agreement under which the machinery was let to defendant is set forth. *The obligation* to pay for the rental thereof, or its purchase price, arises from that agreement, as extended. Plaintiff's action is based upon a breach of the agreement, and seeks return of the machinery or its value and for compensation by way of damages for its use. Under the following cases cited, the action arises from the breach of a promise, and is an action ex contractu as distinguished from an action ex delicto. (*Donnelly* v. *Strueven,* 63 Cal. 182; *Taggart* v. *Shepherd,* 122 Cal.App. 755 [10 P.2d 808] ; *Kings Laboratories* v. *Yucaipa Val. F. Co., supra; Wray* v. *Sumerset Oil Co.,* 89 Okla. 71 [213 P. 836] ; 1 C.J.S. 1098, §§ 44 to 49 Incl.; *Nathan* v. *Locke, supra; Redwood Fibre etc. Co.* v. *Miller Mfg. Co.,* 61 Cal.App.2d 505 [143 P.2d 389] ; Code Civ. Proc., § 667; 5 Cal.Jur. § 13, p. 174; 5 Cal.Jur. §§ 36 and 37, p. 206; *Steele* v. *Marlborough Hall Corp.,* 100 Cal.App. 491 [280 P. 380] ; *Roos* v. *Jansen, supra; MacDonald* v. *Crawford,* 106 Cal.App. 193 [288 P. 1088] ; *Pacific Const. Fin. Co. Ltd.* v. *Kramer,* 42 Cal.App.2d 190 [108 P.2d 723] ; *Ivey* v. *Kern County Land Co.,* 115 Cal. 196 [201 P. 926] ; 25 Cal.Jur. § 18, p. 873; 11 Cal.Jur. 10-Yr. Supp. § 18, p. 284; *East-West Dairymen's Assn.* v. *Dias,* 59 Cal.App.2d 437 [138 P.2d 772] ; *Di Giorgio Fruit Corp.* v. *Zachary,* 60 Cal. App.2d 560 [141 P.2d 26] ; *Taylor* v. *Lundblade,* 43 Cal.App. 2d 638 [111 P.2d 344].) Each complaint states a cause of action triable in Kings County.

Orders affirmed.

Barnard, P. J., and Marks, J., concurred.