[Civ. No. 9626. Third Dist. May 27, 1959.]

ORRIN C. LITTLE et al., Appellants, v. A. SPECKERT, Respondent.

Kasch & Cook for Appellants.

Spurr & Brunner and G. N. Tocher for Respondent.

WARNE, J. pro tem.*—This is an appeal from an order granting a motion for a change of venue to the county of Yuba, the county of the respondent's residence, in an action filed in the county of Mendocino.

It appears from the complaint the action was one to rescind a written contract for the sale of timber (stumpage) growing upon lands owned by the appellants, which are situated in the county of Trinity.

The complaint is in two counts. The first alleges the agreement was made in the county of Mendocino and that all payments therein specified were to be made to appellants at their residence in the county of Mendocino. It further appears that because of various alleged material breaches of the contract appellants, by written notice of rescission, offered to restore everything of value theretofore received upon the cancellation and rescission of the agreement. The second count alleges that the agreement, which is pleaded by a reference, lacks mutuality of obligation because it was not signed or subscribed by the respondent. The prayer of the complaint is that the agreement be rescinded and cancelled by the court upon repayment by plaintiffs to the defendant of $1,000, etc., and "that the court decree that plaintiffs own the said real property and timber specified in the agreement, . . . free and clear of any

---

· *Assigned by Chairman of Judicial Council.

claim, lien, right or interest of defendant based upon the agreement, . . .''

Appellants having alleged notice of rescission and offer to restore everything of value received, the sole question is whether the action is now one ''founded on a contract'' within the purview of section 395 of the Code of Civil Procedure so as to be maintainable in the county of Mendocino, where the contract was entered into and where it was to be performed.

Section 395, subdivision (1), of the Code of Civil Procedure, in part, provides that ''When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, . . .''

In *Peterson* v. *Sherman,* 68 Cal.App.2d 706, 711 [157 P.2d 863], the court said: ''In seeking a determination whether an action is one in contract or in tort, the general rule is that the character of the action is to be determined by the nature of the grievance rather than by the form of pleading and when it is not clear to which class the action belongs, it will ordinarily be construed in contract rather than in tort. (*Nathan* v. *Locke,* 108 Cal.App. 158 [287 P. 550, 291 P. 286] ; *Kings Laboratories* v. *Yucaipa Val. F. Co.,* 18 Cal.App.2d 47 [62 P.2d 1054] ; *Rushing* v. *Pickwick Stages System,* 113 Cal.App. 240 [298 P. 150].) It has been well established in this state that if the cause of action arises from a breach of a promise set forth in the contract, the action is ex contractu but if it arises from a breach of duty growing out of the contract it is ex delicto. (*Jones* v. *Kelly,* 208 Cal. 251 [280 P. 942] ; *Berning* v. *Colodny & Colodny,* 103 Cal.App. 188 [284 P. 496].) . . .'' The pleading in this case alleges that the agreement was made and entered into in Mendocino County and the payments therein specified were to be made in that county. Appellants allege, at length, the various material breaches of the contract. They allege they gave notice of the rescission of the contract and offered to restore everything of value they had received. They pray that the agreement be rescinded and cancelled by the court. The action arises from a breach of the contract and is an action ex contractu as distinguished from an action ex delicto. (See the many cases cited in *Peterson* v. *Sherman, supra,* at p. 712.) The complaint states a cause of action triable in Mendocino County.

█ Respondent seeks to uphold the action of the trial court on the premise that appellants are not seeking equitable rescission of an existing contract but a declaration that they had rescinded and terminated the contract by unilateral action and hence the contract is no longer in existence. In support of his contention respondent cites such cases as *Philpott* v. *Superior Court,* 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990], and *McCall* v. *Superior Court,* 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019]. The distinction lies in the relief sought. In those cases the plaintiffs simply sought recovery of money out of which they had been defrauded. The courts deciding them agreed that as no relief was sought other than a money judgment the actions were at law. Such is not true in the instant case. It is not an action for restitution of money paid but an action praying for rescission by court decree of an agreement affecting title to growing timber and that the real property and timber described in the agreement be declared free of any claim, lien, right or interest based upon the agreement. It asks that the respondent be required to accept the return of the money paid by them, not that appellants have a money judgment. Obviously, the reluctant response of him as to whom the contract was rescinded under such circumstances may well require the equitable help of the court to secure to him the relief to which he has well become entitled. (*Fairbairn* v. *Eaton,* 6 Cal.App. 264, 268 [43 P.2d 1113].)

The order is reversed.

Van Dyke, P. J., and Schottky, J., concurred.