HUBBARD BUSINESS PLAZA, a Nevada general partnership, Plaintiff,

v.

LINCOLN LIBERTY LIFE INSURANCE COMPANY, a Nebraska corporation, Defendant.

LINCOLN LIBERTY LIFE INSURANCE COMPANY, a Nebraska corporation, Counterclaimant,

v.

Robert DELLER, Theodore J. Day, Jack E. McCorkle, Ray L. Wilbur, III, Preston Q. Hale, Lenny See, individuals, Nevada National Bank, a Nevada corporation, and Hubbard Business Plaza, a Nevada general partnership; Does I–XX, inclusive, Counterdefendants.

No. CV–R–82–7–ECR.

United States District Court, D. Nevada.

Oct. 24, 1984.

Richard W. Horton, Reno, Nev., for plaintiff and counterdefendants Robert R. Deller, Theodore J. Day, Jack E. McCork-ley, Ray L. Wilbur, III, Preston Q. Hale & Hubbard Business Plaza.

Beckley, Singleton, DeLanoy & Jemison by Roland K. Martin and Drake DeLanoy, Reno, Nev., for defendant Lincoln Liberty Life Ins. Co.

C. David Russell, Guild, Hagen & Clark, Reno, Nev., for counterdefendants Nevada Nat. Bank and Lenny See.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The counterdefendants' motion for partial summary judgment, which contends that counterclaimant Lincoln Liberty Life Insurance Company (hereinafter Lincoln) is not entitled to punitive damages as a matter of law, has been considered by U.S. Magistrate Phyllis Halsey Atkins. In a Report and Recommendation filed March 26, 1984, the Magistrate has recommended that the motion be denied. She feels that the ultimate test is whether the duty purportedly breached by the counterdefendants was created by contract or by the common law. Magistrate Atkins, after studying the pleadings, the moving and opposing papers, and pertinent information and argument presented to her at a hearing on motions to compel discovery, has concluded that certain of Lincoln's counterclaims sound in the tort of civil conspiracy. Since punitive damages may be appropriate in a tort action, though not in action arising in contract, the Magistrate has looked to ascertain whether genuine issues of material fact exist. She found such factual issues as to whether the counterdefendants' activities constituted a conspiracy against Lincoln and whether their actions demonstrated fraud or malice. Objections to the Report and Recommendation have been filed by counterdefendants Deller, Day, McCorkle, Wilbur, Hale and Hubbard Business Plaza, therefore this Court has reviewed the matter.

The motion for partial summary judgment as to punitive damages is non-dis-

positive, in that its resolution will not dispose of the entire litigation. Accordingly, the standard of review by this Court is to determine whether the Report and Recommendation is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Local Rule of Practice 11(c)(I)(A)(2).

■■■ This being a diversity case removed from a Nevada state court, the law of Nevada is applicable to the substantive issues. *Bankers Trust Co. v. Pacific Employers Insurance Co.*, 282 F.2d 106, 110 (9th Cir.1960). The controlling statute is NRS 42.010, which declares that "[i]n an action for the breach of an obligation not arising from contract," where a defendant has been guilty of fraud or malice, punitive damages may be recovered. The statute was first enacted in Nevada in 1965, and was verbatim with California Civil Code § 3294, which had not been amended since 1905. *Nevada Credit Rating Bureau, Inc. v. Williams*, 88 Nev. 601, 503 P.2d 9, 14 (1972). When Nevada's Legislature borrows the statutory law of a sister state, it is presumed to have intended to adopt the construction placed on that law by the highest court of that state. *Ex parte Sullivan*, 65 Nev. 128, 189 P.2d 338, 342 (1948).

The First and Second Claims for Relief of Lincoln's Counterclaim allege breach of contract. The Third Claim charges Nevada National Bank with wrongful dishonor of a letter of credit issued by it in favor of Lincoln. The Bank contends that Nevada's version of the Uniform Commercial Code, and particularly NRS 104.5115(1), limits damages in case of wrongful dishonor to the face amount of the letter of credit, plus incidental damages. No punitive damages are authorized by the statute. Lincoln's Fourth Claim for Relief under its Counterclaim alleges that the counterdefendants conspired to deprive Lincoln of the benefits of its agreements with Hubbard Business Plaza and under the aforementioned letter of credit. The pleading specifies overt acts by the counterdefendants. The Fifth Claim for Relief contends that the counterdefendants, through the use of Preston Q. Hale's position, authority and influence, induced Nevada National Bank to defer payment on the letter of credit and to dishonor the same, thus depriving Lincoln of the benefits of its agreements and letter of credit. The conspiracy allegations of the Fourth Claim for Relief are incorporated into the Fifth Claim by reference.

■■■ Civil conspiracy is recognized as a tort in Nevada. *Aldabe v. Adams*, 81 Nev. 280, 402 P.2d 34, 37 (1965). Discussions of the tort are found in *Short v. Hotel Riviera, Inc.*, 79 Nev. 94, 378 P.2d 979, 985–6 (1963), *Hotel Riviera, Inc. v. Short*, 80 Nev. 505, 396 P.2d 855, 859–860 (1964) and *Eikelberger v. Tolotti*, 96 Nev. 525, 611 P.2d 1086, 1088 (1980). As potentially applicable to the instant litigation, these cases set forth the following rules:

(1) An act lawful when done by one individual may become an actionable wrong if done by a number of persons acting in concert, if the result injures the party against whom the action is directed;

(2) An act lawful when done by one individual may be the subject of an actionable civil conspiracy when it is done with the intention of injuring another or when, although done to benefit the conspirators, its natural consequence is the oppression of an individual; and

(3) An act lawful when done by one individual, because justified by his rights, becomes actionable when done by a combination of persons actuated by malice, if harm results to another.

■■■ The fact that the tort alleged incidentally involves a breach of contract does not preclude the recovery of punitive damages. *Schroeder v. Auto Driveaway Company*, 11 Cal.3d 908, 114 Cal.Rptr. 622, 631, 523 P.2d 662, 671 (1974). The primary question is whether the duty purportedly breached by the counterdefendants arose from the contract or independently therefrom. *Summa Corp. v. Greenspun*, 98 Nev. 528, 655 P.2d 513, 514 (1982); *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 488, 510 P.2d 1032, 1040 (1973). The violation of a duty imposed by

the common law is a tort. *Summa Corp.* at 655 P.2d 514; *Schroeder,* 114 Cal.Rptr. 631, 523 P.2d at 671. Common law imposes on every person, regardless of contract, the obligation to refrain from infringing upon the rights of another; this duty is independent of any contractual relationship between the parties. *Gruenberg,* 108 Cal. Rptr. 488, 510 P.2d at 1040; *Berning v. Colodny & Colodny,* 103 Cal.App. 188, 284 P. 496, 498 (1930).

 It is legally proper for a pleading to set forth inconsistent theories as bases for the relief sought. Fed.R.Civ.P. 8(e)(2); *Crogan v. Metz,* 47 Cal.2d 398, 303 P.2d 1029, 1032 (1956). The claimant is entitled to introduce his evidence in support of all his claims for relief; if he doesn't make an election among them, the trier of fact decides which, if any, to sustain. *Ibid.; Tanforan v. Tanforan,* 173 Cal. 270, 159 P. 709, 711 (Cal.1916). It is the claimant's pleadings which determine whether a particular claim for relief sounds in tort or in contract. *Summa Corp. v. Greenspun, supra* at 655 P.2d 514; *Jones v. Kelly,* 208 Cal. 251, 280 P. 942, 943 (1929); *Squire's Department Store v. Dudum,* 115 Cal. App.2d 320, 252 P.2d 418, 421 (1953); *see also Randono v. Turk,* 86 Nev. 123, 466 P.2d 218, 223 (1970). Here, the Fourth and Fifth Claims for Relief of the Counterclaim allege intentional tortious conduct by the counterdefendants. Punitive damages may be appropriate in such a case if malice or fraud on their part also is proved. *Hansen v. Harrah's,* 100 Nev.Adv.Op. 8, 675 P.2d 394, 397 (1984). It is also possible that such damages could be recoverable under the Third Claim for Relief, which alleges wrongful dishonor of the letter of credit by Nevada National Bank. The Uniform Commercial Code permits recovery of punitive damages as provided "by other rule of law." NRS 104.1106. No precedent has been found as to whether wrongful dishonor would fall under the provision, but it is noted that those damages have been allowed in an action grounded on a commercially unreasonable sale under the Code. *See Davidson v. First Bank and Trust Co., Yale,* 609 P.2d 1259, 1262 (Okla.1976).

The Magistrate's Report and Recommendation, recommending denial of the motion for partial summary judgment on the issue of punitive damages, is accepted in whole.

IT IS, THEREFORE, HEREBY ORDERED that the counterdefendants' motion for partial summary judgment be DENIED.