73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry D. MCPHERSON, Plaintiff-Appellant,
v.
HAEMONETICS CORPORATION, INC., Defendant-Appellee.
 No. 94-15955.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Dec. 22, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* District Court Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an action filed by plaintiff Jerry McPherson against Haemonetics Corp. arising out of Haemonetics' termination of McPherson's employment in January, 1991. At the time of the termination, McPherson held 100 shares of equity stock in Haemonetics which he previously purchased under the terms of an agreement Haemonetics entered into with a select group of employees. That purchase agreement provided that if McPherson ceased his employment with the company, then he "shall sell and the company shall purchase" all shares of the stock at a purchase price to be determined in accordance with the terms of the agreement. The Agreement also provided that the provisions regarding stock repurchase would no longer be in effect after the company went public.
 
 
 4
 Haemonetics wrote to McPherson in January, 1991, advising that his stock was being repurchased for $38,802.60 as computed per the agreement. Instead of sending McPherson a check for that amount, however, Haemonetics sent him documents conditioning delivery of the money on his release of the company from any liability arising out of his employment termination. McPherson submitted no releases. In March, 1991, the company established an "escrow" account for the repurchase money, informed McPherson of its existence, and stamped "canceled" on their copies of his voting certificates.
 
 
 5
 In October, 1991, McPherson filed this action, setting forth numerous claims for damages and equitable relief stemming from the employment termination and subsequent stock repurchase. The district court rejected all of the claims connected to the employment termination; these are not before us. It granted summary judgment on McPherson's seventh cause of action, for conversion in connection with the stock repurchase, and invited him to file a motion for summary judgment for specific performance. In April, 1994, the court denied McPherson's motion and granted summary judgment to Haemonetics, awarding McPherson $38,802.60, the amount Haemonetics should have paid in 1991, plus interest.
 
 
 6
 In this appeal, McPherson seeks to recover damages of over $700,000, an amount representing the value of the stock after it split in May, 1991 and December, 1992. He asks us to apply Cal.Civil Code Sec. 3336, which provides:
 
 
 7
 The detriment caused by the wrongful conversion of personal property is presumed to be:
 
 
 8
 First--The value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted;
 
 
 9
 McPherson acknowledges that the district court entered judgment in accordance with the first alternative listed in the statute, i.e., the value of the property at the time of the conversion in 1991. He contends that, for equitable reasons, the district court should have applied the second proviso to award him the damages he claims.
 
 
 10
 The difficulty with McPherson's position is that what Haemonetics "converted," i.e., took without compensation in 1991, was the stock at its then-present value as computed under the terms of the agreement. Under that standard, the stock indisputably had the value of $38,802.60. Indeed, not only was Haemonetics entitled to purchase the stock at that time as a result of McPherson's termination, but Haemonetics was required to do so. Only the $38,802.60, plus interest, and not the present value of the stock, is the loss that was the natural and proximate result of Haemonetics' failure to pay for the stock in 1991.
 
 
 11
 McPherson also contends that the date of the conversion of stock should be regarded as November 16, 1991, the date that defendant filed its answer. The record makes clear, however, that when Haemonetics "cancelled" McPherson's voting certificates in March, 1991, plaintiff no longer had any beneficial interest in the stock. It was that deprivation that gave rise to the suit in the first instance.
 
 
 12
 Plaintiff also challenges the district court's denial of a jury trial on punitive damages pursuant to Cal.Civil Code Sec. 3294(a). Punitive damages are available under that section only upon a showing of clear and convincing evidence that Haemonetics was guilty of "oppression, fraud or malice." There has been no such showing. Plaintiff has not appealed the district court's rejection of his claims for wrongful employment termination; therefore, any allegedly wrongful conduct by Haemonetics relating to that termination is not before us. Moreover, Haemonetics had the clear contractual authority and obligation to repurchase the shares in the spring of 1991 and plaintiff has been awarded compensatory damages for the defendant's failure to remit the payment in an appropriate way. Thus, Haemonetics' failure was not intentional, malicious or oppressive under the meaning of California law. See Cal.Civil Code Sec. 3294(a); Lyles v. Perrin, 119 Cal. 264, 266, 51 P. 332, 333 (1897).
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3